J-S08042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSEMARY WALSH | |
| Appellant | No. 2465 EDA 2014 |

Appeal from the PCRA Order July 23, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003339-2009

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 15, 2015**

Rosemary Walsh appeals from an order denying her petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-9546.  She claims that the trial court committed two errors in the course of her negotiated guilty plea for fleeing or attempting to elude police officers ("fleeing or eluding")[1]: (1) it imposed an amount of restitution, $45,074.08, that is illegal, and (2) it imposed an illegal and excessive period of court supervision by failing to give her credit for time she previously served on parole or probation status in good standing.  We conclude that Walsh knowingly, voluntarily and intelligently waived her right to challenge her negotiated guilty plea.  Accordingly, we affirm.

---

[1] 75 Pa.C.S. § 3733.

This case has a rather unusual history. On January 22, 2009, Walsh struck a pedestrian with her automobile on Route 352 in Chester County, Pennsylvania. N.T., 1/28/10, p. 2 (Walsh's first guilty plea hearing). Witnesses observed Walsh exit her vehicle to check on the victim but then re-enter her vehicle and leave the scene without returning. *Id*. Police officers arrested Walsh nearly five hours after the accident, and she admitted that she was the driver of the vehicle. *Id*., pp. 3-4. At the time of the accident, Walsh's operating license had been suspended due to a prior DUI conviction. *Id*., p. 24. The victim underwent surgery for a broken tibia, fibula and tibial plateau. *Id*., p. 2. Surgeons inserted a plate and eight screws into her leg, and she will need a complete knee replacement in the future. *Id*., p. 2.

In a negotiated guilty plea entered on January 28, 2010, Walsh pled guilty to leaving the scene of an accident involving death or personal injury,[2] a first degree misdemeanor, and driving while operating privilege is suspended or revoked,[3] which was graded as a summary offense. N.T., 1/28/10, p. 2. On the charge of leaving the scene of an accident, the trial court sentenced Walsh to 90 days--23 months' imprisonment followed by one year's probation, plus restitution. *Id*., p. 23. On the charge of driving

---

[2] 75 Pa.C.S. § 3742.

[3] 75 Pa.C.S. § 1543 (b)(1).

with suspended operating privileges, the court sentenced Walsh to the mandatory minimum of 90 days' imprisonment concurrent with the sentence on the prior count. *Id*., p. 24.

At the time of Walsh's guilty plea, the victim required ongoing medical care due to the severity of her injuries. *Id*., pp. 2-3. Thus, Walsh's plea agreement called for restitution of known amounts at that time ($23,296.70 to Rawlings Company LLC, the victim's insurance company, and $3,360.00 to the victim) with additional restitution not to exceed $30,000 for future medical costs. Walsh explicitly agreed to pay all restitution in this matter. *Id*., pp. 23-24.

Walsh did not file a direct appeal from her judgment of sentence. She served her prison sentence from February 5, 2010 to May 5, 2010 and has been "on the street" ever since.

On February 28, 2011, while on parole, Walsh filed a counseled PCRA petition seeking to invalidate her guilty plea on the basis that counsel was ineffective for advising her to agree to an illegal restitution order. First PCRA Petition, 2/28/11, p. 4. On July 26, 2011, following an evidentiary hearing, the trial court dismissed this petition. Walsh filed a timely appeal to the Superior Court challenging the legality of her restitution.

In an unpublished memorandum dated February 29, 2012, this Court remanded Walsh's case for further proceedings concerning the legality of the trial court's restitution order. *Commonwealth v. Walsh*, 2150 EDA 2011

- 3 -

(Pa.Super., Feb. 29, 2012) ("**Walsh I**"). We directed the trial court to determine whether its restitution order was part of Walsh's direct sentence or part of her probation. **Id.**, pp. 7-12. If the trial court imposed restitution as a condition of Walsh's probation, its restitution order was legal, and Walsh was not entitled to post-conviction relief. **Id**. If the trial court found that Walsh's restitution was part of her direct sentence, her sentence was illegal, and she would be permitted to withdraw her plea and proceed to trial on all charges.[4] **Id.**, pp. 7-12.

_____

[4] Our reasoning on this rather intricate point was as follows. The restitution statute, 18 Pa.C.S. § 1106, prescribes that restitution can only be part of a direct sentence when the victim suffers personal injury as a *direct* result of the crime. **Walsh I**, p. 7. For example, in **Commonwealth v. Barger**, 956 A.2d 458 (Pa.Super.2008), this Court vacated a direct sentence of restitution for the cost of a sofa on which the victim claimed the defendant had raped her. The trial court only convicted the defendant of harassment for slapping the victim, but it imposed restitution for the sofa under section 1106 as part of the defendant's direct sentence. We held that restitution for the couch was illegal because "there was no direct nexus between the crime for which Appellant was convicted and the loss of the couch, as Section 1106 requires." **Walsh I**, p. 7 (citing **Barger**).

On the other hand, when the trial court sentences the defendant to probation, it can impose restitution as a condition of probation under a different statute, 42 Pa.C.S. § 9754 (entitled "Order Of Probation"). Section 9754 authorizes the trial court to order restitution in an amount commensurate with all direct *and* indirect damages caused by the defendant so that she understands the egregiousness of her conduct, is deterred from repeating this conduct, and is encouraged to live responsibly. **Walsh I**, p. 8 (citing **Commonwealth v. Harner**, 617 A.2d 702, 707 (Pa.1992). When restitution is a condition of probation, the nexus between the criminal conduct and the victim's property damage or personal injury is "relaxed." **Walsh I**, p. 9. Thus, in **Commonwealth v. Kelly**, 836 A.2d 931 (Pa.Super.2003), we affirmed an order of restitution as a term of probation

*(Footnote Continued Next Page)*

On remand, the trial court, sitting as the PCRA court, admitted that it had imposed restitution without contemplating whether it was a condition of Walsh's probation or part of her direct sentence. Notice Of Intent To Dismiss Second PCRA Petition, p. 3. Consequently, the court granted Walsh's first PCRA petition and permitted her to withdraw her guilty plea.

On February 22, 2013, while represented by private counsel, Walsh entered into a second negotiated guilty plea to fleeing or eluding, graded as a second degree misdemeanor, and driving while operating privilege is

_(Footnote Continued)_ ───────────────

for damage to the victim's truck during a robbery, because while the defendant did not cause the damage, his receipt of stolen goods in connection therewith helped provide and maintain a market for stolen property and encouraged others to steal. **Kelly**, 836 A.2d at 932-34.

In **Walsh I**, we were unable to determine from the record whether the trial court ordered restitution as part of Walsh's direct sentence under section 3742 or as a condition of probation. We held that Walsh's restitution was legal if it was a condition of her probation due to the "relaxed" nexus between criminal conduct and the victim's injuries in probationary sentences. However, if restitution was part of Walsh's direct sentence, it was illegal under **Commonwealth v. Cooper**, 466 A.2d 195 (Pa.Super.1983). In **Cooper**, as in this case, the defendant pled guilty under section 3742 for striking the victim with a motor vehicle and then fleeing the accident scene. **Cooper** held that the trial court may not impose restitution as a direct sentence in a guilty plea for violation of section 3742, because no direct nexus existed between the crime for which the defendant pled guilty (leaving the scene of a motor vehicle accident) and the victim's injuries. The victim suffered harm from the accident itself, not the defendant's flight from the scene. **Walsh I**, pp. 11-12 (analyzing **Cooper**). We concluded that remand was necessary for the trial court to determine whether Walsh's restitution was part of her direct sentence (in which case it was illegal under **Cooper**) or a condition of probation (in which case it was legal under section 9754). **Walsh I**, p. 12.

suspended or revoked,[5] graded as a summary offense.  Unlike her first guilty plea, Walsh did not plead guilty to leaving the scene of an accident involving death or personal injury.

On the fleeing and eluding charge, the trial court sentenced Walsh to two years of probation, a $500 fine, and payment of $45,074.08 in restitution within one year to Rawlings Company, LLC.[6]  N.T., 2/22/13, at 7-10.  The trial court expressly made restitution a condition of Walsh's probation.  *Id*.  Walsh also signed a written guilty plea form indicating her agreement to these terms of her sentence.  Guilty Plea Colloquy Form, 2/22/13, p. 3.

Walsh agreed in the guilty plea form to waive all of her appellate rights, direct and collateral.  A clause in this preprinted form, which provides a right of appeal under several specific circumstances,[7] is crossed out.  Guilty Plea Colloquy Form, 2/22/13, p. 7.  Directly beneath the crossed-out clause are the handwritten words "see addendum to guilty plea attached" and Walsh's signature.  *Id*.  The addendum states: "The Defendant has

_____

[5] 75 Pa.C.S. § 1543 (b)(1).

[6] On the driving under suspension charge, the trial court sentenced Walsh to the mandatory minimum of 90 days' imprisonment with credit for time served and a $500 fine.  Walsh does not challenge this sentence in this appeal.

[7] These circumstances included lack of jurisdiction, illegality of sentence, an involuntary or unknowing guilty plea, and "incompeten[ce]" of counsel. Guilty Plea Colloquy Form, p. 7.

agreed to waive all appellate rights, direct *and collateral* and state and federal in exchange for the plea agreement contained in this guilty plea colloquy. The defendant also agrees that she will not contest the sentence imposed on this 22nd day of February 2013." *Id*., p. 10 (emphasis added). The addendum further states: "The defendant understands that the Commonwealth would not have agreed to this plea offer if the defendant did not agree to waive these rights." *Id*. Walsh and her attorney signed the addendum. *Id*. Walsh also signed a clause that she understood the full meaning of the guilty plea form, and that her signatures and initials on each page were true and correct. *Id*., p. 9.

At the beginning of the guilty plea hearing, the Commonwealth stated that it "would not be making this agreement if [Walsh] did not waive her appellate rights with respect to all of the issues in this case." N.T., 2/22/13, p. 2. The Commonwealth repeated this point later in the hearing:

> The Commonwealth, again, has agreed to resolve this matter with the amended count as stated … in exchange for the fact that [Walsh] has agreed to waive any further appellate issues or rights that she may have regarding restitution or any other issue in this case. And that's based on the fact … [that Walsh] did appeal several issues prior to this plea here today.

*Id*., pp. 6-7. Under oath, Walsh admitted that her signature or initials appeared on each page of the guilty plea form, and that she reviewed the entire form with her attorney, including the rights she was giving up. *Id*., p. 4. She agreed that she was satisfied with her attorney's representation.

*Id*., p. 5. The following then occurred: (1) the court imposed a term of two years' probation on the record without objection; (2) Walsh agreed to pay restitution of $45,074.08 in monthly installments of $3,756.17 (or installments relatively close to this amount),[8] (3) she agreed that restitution was both part of her sentence and her probation, and (4) she agreed that there would be a violation hearing scheduled if she failed to pay full restitution within one year. *Id*., pp. 7-8, 10. Further, she agreed that she was waiving "any ability to appeal anything that occurs in this proceeding." *Id*., p. 9. She agreed that her signature appeared beneath the addendum in which she waived her appellate rights. *Id*., p. 10. The trial court stated: "Since you have no appellate rights, I'm not going to give them to you..." *Id*., p. 11.

Once again, Walsh did not file a direct appeal. However, on March 24, 2014, Walsh filed a second *pro se* PCRA petition, claiming that (1) her February 22, 2013 sentence violated her constitutional right against double jeopardy; (2) her fleeing and eluding sentence was illegal; and (3) counsel provided ineffective assistance in connection with this sentence. On June 30, 2014, the trial court entered a notice of intent to dismiss this petition without a hearing. On July 23, 2014, the trial court dismissed the petition.

_____

[8] The court stated that it would not be a violation if Walsh paid something "reasonably close" to $3,756.17 per month, such as $5,000.00 one month and $3,000.00 in another month. *Id*., pp. 8-9.

On August 21, 2014, Walsh filed a notice of appeal to this Court. Both Walsh and the trial court have complied with Pa.R.A.P. 1925.

Walsh raises the following issues in this appeal:

1. Did the PCRA Court err by not considering Appellant's illegal sentence claims, i.e. failure to credit Appellant with time served prior to sentencing Appellant to the statutory maximum, making the resulting sentence for 75 Pa.C.S.A. § 3733 in excess of the statutory maximum?

2. Did the PCRA Court commit an error of law when it found Appellant's sentence to pay restitution as a Condition of Probation was legal when restitution can be permitted under 18 Pa.C.S. § 1106(b), Condition of Probation or Parole, dependent on 18 Pa.C.S. § 1106(a), General Rule, only as losses for which the Appellant has been held criminally accountable? Or did the trial court, referring to Condition of Probation in sentencing, impose its sentence of restitution pursuant to 42 Pa.C.S. § 9754, where the required nexus is more relaxed but where the order, imposed in addition to a statutory punishment, order must be strictly scrutinized since its purpose is primarily punitive?

3. Did the PCRA Court err in ordering the Appellant to pay restitution of $45,074.78 as a condition of probation when Appellant is only just gainfully employed the past 6 months of the last 5 years?

4. Did the PCRA Court commit an error in not investigating, by way of evidentiary hearing, Ms. Walsh's well-documented claims of apparent collusion, or minimally, conflict-of-interest, in Appellant's lawyers who, in unlikely or unexpected pattern, have worked to suppress evidence with a seeming intended goal of 'throwing' the Appellant's case, resulting in the unjust enrichment of the Complainant, a subrogator, (a debt collector), in a case where the Appellant has demonstrably shown that she was not the cause of either the accident or

- 9 -

> the pedestrian's resulting injuries -- so much so that the Trial Judge has not been able to extract restitution from the Appellant by a legal sentence?

Brief For Appellant, pp. 5-6.

Walsh complains that her probationary term of two years is illegal (issue 1), because the court failed to give her credit for parole and/or probation that she served after her first guilty plea. She also complains that the amount of her restitution is illegal and excessive (issues 2 and 3), and that her plea bargain is tainted by her attorney's conflict of interest (issue 4). The trial court asserts, and we agree, that Walsh has waived her right to appeal under the terms of her negotiated guilty plea.

Plea bargaining is a crucial component of our criminal justice system. ***Commonwealth v. Anderson***, 643 A.2d 109, 112 (Pa.Super.1994). Courts have repeatedly recognized that defendants can waive valuable rights -- including the right to appeal or other constitutional rights -- in exchange for important concessions by the Commonwealth, provided that the defendant waives her rights knowingly, voluntarily and intelligently. ***See***, ***e.g.***, ***Commonwealth v. Bronshtein***, 729 A.2d 1102, 1106 (Pa.1999) (upholding validity of knowing, intelligent, and voluntary waiver of capital prisoner's right to pursue post-conviction remedies); ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa.Super.1996) (defendant's agreement following murder conviction to waive rights to file motions for post-trial relief in return for Commonwealth not seeking death penalty was made in

knowing, voluntary, and intelligent manner; counsel and defendant agreed that defendant faced possibility of death penalty, and defendant engaged in extensive colloquy regarding agreement); *Commonwealth v. Johnson*, 466 A.2d 636, 641 (Pa.Super.1983) (citing *Commonwealth v. Romberger*, 378 A.2d 283 (1977)) (defendant can waive right against double jeopardy). Enforcement of plea agreements is essential to the well-being of the criminal justice system, because no party would enter into plea agreements if they believed that the other side could later approach the judge and have the sentence unilaterally altered. *Commonwealth v. Coles*, 530 A.2d 453, 458 (Pa.Super.1987). Without plea agreements, our already overburdened criminal justice system would be in danger of collapse.

Walsh waived her right to appeal her February 22, 2013 guilty plea agreement by stipulating in her signed addendum to her guilty plea agreement that she "waive[d] all appellate rights, direct and collateral and state and federal in exchange for the plea agreement." Guilty Plea Colloquy Form, 2/22/13, p. 10. She further stipulated that she "w[ould] not contest the sentence imposed on this 22nd day of February 2013." *Id*. During the guilty plea hearing on the same day, the Commonwealth emphasized that Walsh's waiver of appellate rights was an essential component of the guilty plea agreement. *Id*., pp. 2, 7. Walsh agreed during the guilty plea hearing that she was waiving "any ability to appeal anything that occurs in this

proceeding." *Id*., p. 9. Because Walsh entered into this agreement knowingly, voluntarily, and intelligently, it is ironclad.

We recognize that Walsh's claims of illegality relating to the length of her probation and amount of her restitution normally are appealable. Criminal defendants generally cannot agree to an illegal sentence, even sentences in connection with plea bargains. ***Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa.Super.2014). This rule, however, has one exception: a defendant can expressly agree to an illegal sentence as part of a bargained-for exchange. In ***Commonwealth v. Byrne***, 833 A.2d 729 (Pa.Super.2003), the defendant was found guilty of first degree murder in two separate trials but was awarded a new trial following each verdict. Prior to his third trial, the Commonwealth agreed to allow him to plead guilty to third degree murder in exchange for a sentence of 10-20 years' imprisonment with only one year of credit for time served, even though the defendant had been incarcerated for 8½ years. Almost one year after his guilty plea, the defendant filed a PCRA petition alleging that he was entitled to credit for time served under the mandatory credit provision, 42 Pa.C.S. § 9760. The PCRA court denied relief. This Court affirmed, reasoning that in both his written guilty plea agreement and guilty plea hearing, the defendant expressly (and thus knowingly, voluntarily and intelligently) accepted just one year as credit for time served and agreed not to seek any additional credit. *Id*. at 731-32, 735-36. We stated: "We are aware of no authority

- 12 -

that provides an impediment to a defendant's express, knowing, and voluntary waiver of a statutory right if that waiver is key in obtaining a bargained-for exchange from the Commonwealth." *Id*. at 736.

The present case is analogous to **Byrne**. Assuming *arguendo* that the amount of Walsh's restitution is illegal, she expressly agreed to this amount of restitution in her written plea agreement and during her guilty plea hearing. Further, assuming *arguendo* that the length of probation is illegal, she expressly agreed to this probationary term in her written agreement and remained silent when the trial court stated this term during her guilty plea hearing, even though she knew that she had already served three years of parole and probation since her release from prison in May 2010.[9] Finally, in both her written agreement and her guilty plea hearing, she expressly agreed *not* to appeal the amount of restitution or any other issue in this case. The Commonwealth made clear that her waiver of appellate rights

---

[9] Walsh also knew the benefits that she received in her 2013 guilty plea. She knew that she had pled guilty in 2010 to the first degree misdemeanor of leaving the scene of an accident involving personal injury, but that her 2013 guilty plea was only to a second degree misdemeanor of fleeing and eluding. She knew that her 2010 guilty plea to a first degree misdemeanor carried a 90 day—23 month sentence of imprisonment, a one year consecutive term of probation, and a potential sentence of five years' imprisonment for any violation of probation or parole. Her 2013 guilty plea to a second degree misdemeanor, however, only carried a two year term of probation and a potential sentence of two years' imprisonment for any violation of probation.

was an essential term of the agreement because of her history of challenging guilty pleas.

In view of **Byrne**, we conclude that Walsh expressly, knowingly and voluntarily waived her right to challenge her restitution or the length of her probation as part of obtaining a bargained-for exchange with the Commonwealth. Her dissatisfaction with the terms of this agreement does not entitle her to seek PCRA relief. The Commonwealth agreed to her guilty plea on condition that she would not file further appeals. It is essential for the Commonwealth to receive this benefit, for its absence would discourage the Commonwealth from entering into plea agreements with future defendants – a price that our justice system is not prepared to pay. We decline to review the merits of any of Walsh's claims on appeal; to do so would reward Walsh for disregarding her promise in her guilty plea agreement to refrain from seeking further collateral relief or from taking additional appeals. Instead, we simply affirm the order denying Walsh's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015