543 A.2d 587

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth Earl REED, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1988.

Filed June 20, 1988.

John M. Fray, Ellwood City, for appellant.

J. Craig Cox, Assistant District Attorney, New Castle, for Com., appellee.

Before BROSKY, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

The issue in this appeal is whether a defendant who unlawfully receives some of the property taken in a burglary can be ordered, as part of his sentence, to make restitution for all property taken in the burglary.

In one information (# 253A of 1983), Kenneth Earl Reed was charged with theft by receiving stolen property as follows: "brake fluid, engine cleaner, spray paint, antenna, floor jack and stereo the property of M and A Distributors with a value in excess of $50.00 but less than $200.00."

In another information (# 254 of 1983), Reed was charged with theft by receiving the following stolen property: "scubapro watch the property of B & B Marine with a value in excess of $200 but less than $2000."

In neither instance was Reed charged with committing the burglary in which these items had been taken.

In a consolidated trial before a jury, Reed was found guilty of both charges of receiving stolen property.[1] The evidence at trial tended to fix the value of the scubapro watch at $280.00. The value of the items found in Reed's possession from the M & A Distributors burglary was not specifically determined, although the criminal complaint had fixed their value at $118.10.

Reed was sentenced for receiving the stolen property taken in the M & A Distributors burglary to serve a term of imprisonment for not less than six months nor more than twelve months and to make restitution in the amount of $6,205.71. For receiving the stolen scubapro watch, which had been taken in the B & B Marine burglary, Reed was sentenced to serve a consecutive term of imprisonment for not less than six months nor more than twelve months and to make restitution in the amount of $5,796.96. In each

1. In the same trial, Reed was convicted of a separate burglary (# 255 of 1983) and an additional count of theft by receiving stolen property (# 255A of 1983). The sentences imposed for those crimes have not been questioned in this appeal.

instance, the restitution which Reed was ordered to make was based upon the total loss sustained in the burglary in which the property unlawfully received by Reed had been taken.

Restitution is an authorized part of a sentence for theft. It has been authorized by 18 Pa.C.S. § 1106 as follows:

> **(a) General Rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> . . . .
>
> **(c) Authority of sentencing court.**—In determining whether to order restitution as a part of the sentence or as a condition of probation or parole, the court:
>
> (1) Shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate.
>
> (2) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, provided that the period of time during which the offender is ordered to make restitution shall not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted.
>
> (3) May at any time alter or amend any order of restitution made pursuant to this section providing, however, that the court state its reasons and conclusions as a matter of record for any change or amendment to any previous order.

■■■ In determining the amount of restitution to be ordered, a sentencing court must consider three factors: the loss or damage directly caused by the defendant's criminal act, the amount of restitution he can afford to pay, and the method by which he should pay it. *Commonwealth v. Galloway*, 302 Pa.Super. 145, 161, 448 A.2d 568, 576–577 (1982); *Commonwealth v. Fuqua*, 267 Pa.Super. 504, 510,

407 A.2d 24, 27 (1979). Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive. *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 156, 478 A.2d 5, 9 (1984). In a case of theft by receiving stolen property, a reviewing court will not countenance a sentence provision which requires restitution "for property which the Commonwealth has not proven was either stolen or received by the [defendant]." *Commonwealth v. McFarland*, 452 Pa. 435, 441, 308 A.2d 592, 595 (1973).

▋ In the instant case, Reed had been charged with and convicted of theft by receiving stolen property having a combined value of not more than $480.00. However, he was ordered to make restitution in the total amount of $12,002.67. This was improper. Although the total amount was equal to estimated losses sustained in the burglaries occurring at M & A Distributors and B & B Marine, there was no evidence to show a causal connection between the total losses sustained and Reed's role in receiving some of the property stolen. The evidence showed that the loss caused by Reed's conduct did not exceed $480.00.[2]

▋ The Commonwealth argues that the excessive restitution ordered by the sentencing court was waived by Reed's failure to file a timely post-sentencing motion for reconsideration in accordance with Pa.R.Crim.P. 1410. Reed was sentenced on June 12, 1984. Shortly thereafter, trial counsel was permitted to withdraw, and new counsel was appointed. He did not file a motion to reconsider sentence. It was not until December 31, 1985 that Reed's third attorney filed a petition to modify the amount of restitution which had been ordered by the sentencing court. This was denied on June 19, 1987, and the present appeal followed.

In *Commonwealth v. Balisteri, supra,* this Court held that an order of restitution which was not supported by the record was illegal. "The illegality of a sentence of restitu-

---

**2.** This figure represents the $280.00 value of the scubapro watch and the maximum alleged value of the other items.

tion is not a waivable issue...." *Id.*, 329 Pa.Superior Ct. at 152, 478 A.2d at 7. See also: *Commonwealth v. Kerr*, 298 Pa.Super. 257, 444 A.2d 758 (1982). Similarly in the instant case, the portion of the sentence ordering Reed to make restitution for a loss which he, according to the record, did not cause was illegal. An illegal sentence can be corrected at any time. It is not waived by a failure to file a petition to modify the sentence. *Commonwealth v. Walker*, 468 Pa. 323, 330, 362 A.2d 227, 230 (1976), *overruled on other grounds, Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984); *Commonwealth v. Balesteri, supra*, 329 Pa. Superior Ct. at 152, 478 A.2d at 7; *Commonwealth v. Kerr, supra*, 298 Pa.Superior Ct. at 259, 444 A.2d at 759.

The orders of restitution contained in the sentences imposed at Nos. 253A and 254 of 1983 are vacated. These orders are remanded for modification in accordance with the foregoing opinion. Jurisdiction is not retained meanwhile.