COMMONWEALTH of Pennsylvania, Appellee,

v.

David Fitzgerald KELLY, Appellant.

Superior Court of Pennsylvania.

Submitted July 21, 2003.

Filed Nov. 7, 2003.

Sean M. Fitzgerald, Chambersburg, for appellant.

John F. Nelson, Asst. Dist. Atty., Chambersburg, for Com., appellee.

BEFORE: KLEIN, BENDER and TAMILIA, JJ.

## OPINION BY KLEIN, J.:

¶ 1 David Fitzgerald Kelly appeals from the judgment of sentence entered in the Court of Common Pleas of Franklin County. Essentially, Kelly claims that it was improper to order restitution for damage to a truck that was broken into when all he was convicted of was receiving stolen property of items taken from inside the truck and there was no evidence that he was the one who broke into the truck. Under Pennsylvania law, while it is improper to order restitution for damage from a crime for which a defendant is not convicted, it is proper to order payment of the costs of the truck repair as a condition of probation. While the repair of the truck is not *directly* connected to the crime of receiving stolen property, it is *indirectly* connected to the crime of RSP. Even if Kelly did not actually break into the truck, he provided a market for the person or persons who did. Therefore, we affirm.

¶ 2 Kelly entered a plea of *nolo contendere* to three counts of receiving stolen property—two cell phones and a CD player that had been removed from the dashboard of a truck. As noted, Kelly challenges the court's restitution order, claiming that the damages to the victim's truck as a result of the break-in and removal of the CD player from the truck's dashboard did not result from Kelly's criminal activity. The court imposed the restitution order not as a sentence pursuant to 18 Pa.C.S. § 1106(a), which requires a causal connection between the damage and the offense, but as a condition of probation, pursuant to 18 Pa.C.S. § 1106(b) and 42 Pa.C.S. § 9754. As such, the required nexus between the damage and the offense is relaxed, and restitution only requires some connection to criminal responsibility, which is present here. A full discussion follows.

¶ 3 On September 11, 2001, Tim Wiley reported that his truck had been broken into and that a Nokia cell phone, approximately $15.00 in cash, a wrist watch and a black vinyl attaché bag were stolen. The total estimated value was in excess of $200.00. As Sergeant Glenn K. Manns was leaving the scene, Wiley reported seeing a man carrying his attaché bag and a cell phone in that vicinity. The suspect, later identified as Kelly, was arrested. As Sergeant Manns attempted to handcuff him, Kelly resisted and escaped. Sergeant Manns pursued Kelly and called for back up. Kelly dropped the cell phone, which was later identified as belonging to Wiley. Kelly was ultimately apprehended and officers recovered from him two other stolen cell phones belonging to a second victim and a stolen CD player belonging to a third victim. The third victim, Krista Cowan, had also reported that her truck had

been broken into on September 11, 2001, and that the Pioneer CD player that she had installed in the dashboard had been stolen.

¶ 4 Kelly entered a plea of *nolo contendere* before President Judge John R. Walker to three counts of receiving stolen property (one count graded as an M2, and two counts graded as M1) and one count each of resisting arrest (M2) and escape (M2). Kelly was sentenced to a total term of 1½ to 5 years on resisting arrest, escape and one count of receiving stolen property; on the remaining two receiving stolen property counts the court sentenced Kelly to concurrent terms of two years' probation conditioned on the payment of restitution.

¶ 5 The court held a restitution hearing, after which it ordered Kelly to pay restitution in the amount of $2,269.80 as a condition of probation. Of that amount, $1,938.41 represented the cost for repair to Cowan's truck and $330.67 represented the value of the CD player.

■ ¶ 6 On appeal Kelly argues the restitution order is improper in that his plea of *nolo contendere* to receiving stolen property was with regard to the CD player. Therefore, Kelly claims that since he was not criminally responsible for the damage to the truck, requiring him to pay for property damage to the truck punishes him for a crime for which he was not convicted. We disagree.

¶ 7 In *Commonwealth v. Reed,* 374 Pa.Super. 510, 543 A.2d 587 (1988), this Court held that a defendant convicted of unlawfully receiving property taken in a burglary could not be ordered *as part of his sentence* to make restitution for the total loss sustained in the burglary. In that case there was no evidence of a causal connection between total losses sustained and the defendant's role in receiving some

of the property that was stolen. We stated:

> Although the total amount was equal to estimated losses sustained in the burglaries occurring at M & A distributors and B & B Marine, there was no evidence to show a causal connection between the total losses sustained and Reed's role in receiving some of the property stolen.

*Id.* at 589. In *Reed,* unlike this case, restitution was imposed as part of the defendant's sentence pursuant to 18 Pa. C.S. § 1106(a), which requires a showing of a direct causal connection. *See Commonwealth v. Dohner,* 725 A.2d 822, 824 (Pa.Super.1999).

¶ 8 Statutory authority for imposing restitution as a condition of probation is found at 42 Pa.C.S. § 9754, which provides:

> (a) General Rule.—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.
> (b) Conditions generally.—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.
> (c) Specific conditions.—*The court may as a condition of its order require the defendant:*
>
> . . . . .
>
> (8) *To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.*

42 Pa.C.S. § 9754(c)(8) (emphasis added).

■ ¶ 9 Here, the sentencing court specifically stated that the restitution order was a condition of probation, and the

court was imposing restitution pursuant to 18 Pa.C.S. § 1106(b) and 42 Pa.C.S. § 9754. Where restitution is imposed as a condition of probation, the required nexus is relaxed. *See Commonwealth v. Harner*, 533 Pa. 14, 617 A.2d 702 (1992); *see also In re M.W.*, 555 Pa. 505, 725 A.2d 729 (Pa.1999). The sentencing court is accorded latitude in fashioning probationary conditions designed to rehabilitate the defendant and to provide some measure of redress to the victim.

¶ 10 In *Harner*, Mother was convicted on two counts of interference with custody of children. The trial court imposed a sentence directing Mother to pay restitution to Father for expenses incurred in locating the children. The Supreme Court struck down the restitution order for the father's costs of an investigator and legal fees to track down his children, whose mother had taken them from his custody. However, it remanded the case to see if those costs were sustainable as a condition of probation, and to determine what loss or damage had been caused and what amount mother could afford to pay and how it should be paid, since that was not of record. *Harner*, 617 A.2d at 707.

¶ 11 The Court also noted:

[C]onsistent with the broader discretion granted to a sentencing court that chooses to impose restitution as a condition of parole, 42 Pa.C.S § 9754(c)(8) vests the court with an equally broad power to determine what the fruits of the crime are. This is considerably different than the language of 18 Pa.C.S. § 1106 which permits restitution only for losses that are a direct result of the crime. The more liberal language of § 9754(c)(8) is understandable given the purposes of rehabilitation and can encompass all the types of claims Mr. Harner presented, as long as the trial court is satisfied that restitution is being ordered so that the appellant will understand the cruelty of her conduct, be deterred from repeating the conduct, be encouraged to live in a responsible manner, and be able to pay these costs. *Id.* at n. 3.

¶ 12 In *In re M.W.*, a juvenile admitted to participation in crimes against property and was ordered to pay for three percent of actual damages. The Supreme Court held that the rehabilitative policy of the Juvenile Act's restitution provision corresponds to the policy that supports imposition of restitution as condition of probation. It held that the juvenile court therefore had broad discretion to apportion responsibility for damages based upon the nature of the delinquent act and the earning capacity of the juvenile. 725 A.2d at 732–33.

■ ¶ 13 We recognize that a restitution order as a condition of probation cannot be indiscriminate. It is true that the court in this case heard no testimony as to how Kelly obtained the CD player, and "assume[ed] he paid 20 bucks on the street from some unknown guys." (N.T., Restitution Hearing, 7/8/02 at p. 26). However, the verdict means Kelly was convicted of buying the goods, and he either knew they were stolen or reasonably should have known they were stolen. We note that President Judge Walker reasoned that "if those people aren't out there buying stolen property, people aren't breaking in ..." (*Id.*) In other words, Kelly provided a market for that person who is criminally responsible for the break-in and damage to the truck. While this would not be enough to be considered a "direct" result of the criminal activity, we do agree with Judge Walker that this can be considered "indirectly" connected to the criminal activity.

¶ 14 Judgment affirmed.