**Commonwealth v. Herman**

*Lawrence J. Keith, assistant district attorney,* for the Commonwealth.

*Kenneth A. Kasenter, assistant public defender,* for defendant.

MOTTO, *P.J.,* January 4, 2008—The issue before the court for disposition is whether the defendant can be ordered to pay for restitution for bronze vases found missing from the premises of the victim, Graceland Cemetery, after defendant entered a guilty plea and was sentenced on a charge of criminal mischief relating to 14 bronze vases which defendant removed from the cemetery and which were recovered.

On September 18, 2006, a criminal complaint was filed against the defendant charging the defendant with the offenses of desecration or sale of venerated objects, a misdemeanor of the second degree, in violation of section 5509 of the crimes code; criminal attempt, a misdemeanor of the first degree, in violation of section 901 of the Crimes Code; and criminal mischief, a misdemeanor of the second degree, in violation of section 3304 of the Crimes Code. As to each charge, the criminal complaint

alleges that the defendant did remove 14 bronze cemetery vases from grave sites within Graceland Cemetery on or about Monday, August 28, 2006.

The affidavit of probable cause attached to the complaint indicates that the groundskeeper notified police after recovering two duffle bags containing 14 bronze vases which were found to be removed from plots nearby. Police investigation linked the duffle bag containing the vases to the defendant. The defendant was charged as aforesaid as the result of the police investigation. Neither the complaint nor the affidavit of probable cause references any other missing vases from the cemetery separate from the 14 vases contained in the duffle bags linked to the defendant.

On November 1, 2006, a criminal information was filed against the defendant charging the same offenses as set forth in the criminal complaint; however, the information references bronze cemetery vases removed from grave sites within Graceland Cemetery but does not state the number of bronze vases removed.

On August 7, 2007, defendant entered a plea of guilty to the offense of criminal mischief, a misdemeanor of the second degree, in violation of section 3304(a)(5) of the Crimes Code. At the plea hearing, the Honorable Michael J. Wherry, Specially Presiding, asked how many vases defendant was accused of taking. The response from counsel for the Commonwealth and the defendant was that 14 vases were taken and they were recovered. The defendant specifically responded that he was in the process of taking the vases, and someone came out, so he just left them and ran. (Notes of Testimony, August 7, 2007, pp. 24-26.)

At the sentencing hearing, the victim requested restitution in the amount of $6,972 representing the value of 54 vases that were represented as having been found missing at about the same time that the 14 vases that constituted the basis for the within charges were taken. The 54 vases for which the Commonwealth seeks restitution were never recovered. The court included in its sentencing order the restitution requested by the Commonwealth. Subsequent to sentencing, the defendant filed a timely motion for a restitution hearing to address the legal amount of restitution that the defendant can be ordered to pay. The defendant contends that the restitution sought by the Commonwealth represents restitution for items that were not included within the original charges filed in this case and therefore defendant cannot be ordered to pay restitution for such items.

The authority of the court to order restitution is addressed in the Crimes Code. 18 Pa.C.S. §1106 addresses the subject matter of restitution for injuries to person or property. Such section provides in relevant part as follows:

"(a) *General rule.*—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefore."

In determining the amount of restitution to be ordered, the sentencing court must consider the loss or damage directly caused by defendant's criminal act. *Commonwealth v. Reed,* 374 Pa. Super. 510, 543 A.2d 587 (1988). An award of restitution which is not supported by the record will be vacated. The defendant's criminal conduct

must have caused the loss or injury for which compensation is ordered. *Commonwealth v. Balisteri,* 329 Pa. Super. 148, 478 A.2d 5 (1984). It has been held that the "but for test" is used to calculate the amount of restitution; damages which occur as a direct result of the crime are those that would not have occurred but for the defendant's criminal conduct, and the sentencing court may not require payment in excess of damages the defendant caused. *Commonwealth v. Gerulis,* 420 Pa. Super. 266, 616 A.2d 686 (1992), *appeal denied,* 535 Pa. 645, 633 A.2d 150 (1993). A sentence requiring a defendant to make restitution for a loss which he did not cause is an illegal sentence. *Commonwealth v. Reed (supra).*

Restitution may be imposed pursuant to 18 Pa.C.S. §1106 only for those crimes to property where the victim suffered a loss that flows from the conduct that forms the basis of the crime for which the defendant is held criminally accountable. *Commonwealth v. Dohner,* 725 A.2d 822 (Pa. Super. 1999).

In applying the foregoing principles to the facts of this case, it is clear that the court cannot order restitution for vases found missing from the cemetery, but relative to which the defendant was not charged with any theft offense. The defendant was specifically charged in the criminal complaint with removing 14 bronze cemetery vases from separate grave sites within Graceland Cemetery and placing them in two duffle bags. These specific vases contained within the two duffle bags were recovered by the groundskeeper. Although the representatives of the victim testified at sentencing that 54 additional vases were found missing, there is nothing in the record to support a finding that the defendant was

responsible for the additional missing vases, nor was the defendant ever charged with any theft offenses relative to the additional missing vases.

At the plea hearing, defendant entered a plea to criminal mischief, a misdemeanor of the second degree, in violation of section 3304(a)(5) of the Crimes Code. Although the plea agreement called for restitution, counsel for the defendant advised the court that the vases were removed and found so it was not known whether or not any restitution was owed. The court specifically asked how many vases the defendant was accused of taking relative to which counsel for the defendant responded, "14". (See Notes of Testimony, August 7, 2007, pp. 24-26.) The entire plea hearing and the colloquy between the defendant's counsel and the court focused on this case involving a theft of 14 vases which were in fact recovered. No contention was ever made that the defendant was responsible for any additional vases until the victim requested restitution for the additional vases at the time of sentencing. However, no evidence has ever been set forth from which it can be found that the defendant was responsible for the theft of any vases or venerated objects other than the vases that were recovered and found in the duffle bags left at the scene and recovered by the groundskeeper.

Here, since the Commonwealth cannot demonstrate that the restitution requested relates to loss suffered by the victim as a direct result of the crime for which the defendant was charged, the court cannot lawfully order the defendant to pay the requested restitution. The vases which form the basis for the charges are the 14 vases which were in fact recovered. Since they were recovered

and no loss was claimed as the result of the taking of the recovered vases, there is no additional restitution that can be ordered. Although the victim clearly suffered a loss relative to the additional bronze vases taken from its cemetery, the simple fact is that the record does not support any finding that the defendant was responsible for this additional loss. The above authorities cited herein clearly demonstrate that this court does not have the authority to order the requested restitution. Accordingly, the sentencing order shall be modified consistent with this opinion.

## ORDER

And now, January 4, 2008, following a restitution hearing, it is ordered and decreed that the sentencing order dated September 6, 2007 is hereby modified to the extent that the provision thereof requiring that the defendant shall pay restitution in the amount of $6,972 owed to Graceland Cemetery at 216 Cemetery Lane, New Castle, PA, 16105, payable through the Adult Probation Office of Lawrence County, is hereby deleted and vacated, and no restitution is owed by the defendant. All other aspects of the sentencing order dated September 6, 2007 not inconsistent with this modification shall continue in full force and effect.