J-S65010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARCO DOMONIC MUNNO | |
| Appellant | No. 1561 WDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016539-2014

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:             **FILED SEPTEMBER 09, 2016**

Marco Domonic Munno appeals from his judgment of sentence, entered in the Court of Common Pleas of Allegheny County, after he was found guilty of retail theft.[1]  After careful review, we affirm in part, vacate in part and remand for resentencing.

Munno was charged with one count each of receiving stolen property (RSP) and retail theft.  The RSP charge was withdrawn at Munno's preliminary hearing and he waived his right to a jury trial on the charge of retail theft.

The trial court recited the underlying facts of the case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

[O]n July 9, 2015, Jason Belczyk, the store manager of the Moon Township Walgreens, watched a man approach the exit of Walgreens. Mr. Belczyk identified the man who was approaching the exit of Walgreens as [Munno]. This Court finds Mr. Belczyk's identification of [Munno] to be credible. [Munno] was carrying a blue basket filled with Rogaine. As [Munno] approached the gates, the store alarms were activated, as were the "spider" alarms on the packages. When the alarms sounded, [Munno] ran out of the store. Mr. Belczyk followed [Munno] out of the store, and observed [Munno] jump into a running vehicle that was backed into a parking space. Mr. Belczyk then obtained the license plate number for the vehicle and contacted the Moon Township Police Department. [Munno] did not pay for the Rogaine prior to exiting the store, nor did he have permission to take the merchandise out of the store.

Trial Court Opinion, at 3/1/16, 2-3.

At a bench trial, before the Honorable Thomas E. Flaherty, the Commonwealth presented store video surveillance of the incident. Belczyk testified that the video depicted the entrance of the Moon Township Walgreen's and also showed Munno exiting the store with a basket full of unpaid products. In the video, the store alarm sounds as Munno begins to exit and, then, eventually runs out of the store.

At the conclusion of the non-jury trial, the court found Munno guilty of retail theft. On July 9, 2015, Munno was sentenced to six months of probation and ordered, as a condition of his probation, to pay $800.00 in restitution to Walgreen's. Munno filed post-sentence motions challenging the court's restitution sentence. The court denied the motions and this timely appeal follows.

On appeal, Munno presents the following issues for our consideration:

(1) Did the trial court impose an illegal sentence by ordering Mr. Munno to pay an amount of restitution which was speculative and not supported by the record?

(2) Was the evidence insufficient[2] to support Mr. Munno's conviction for retail theft where the only evidence identifying him as the perpetrator was an in-court identification by a witness who had an extremely minimal opportunity to observe the perpetrator during the incident and where the trial court conceded at the time it rendered its verdict of guilty that "there could be reasonable doubt as to whether [the perpetrator] was Mr. Munno?"

Pursuant to our Commonwealth's restitution statute:

*(a)   General rule.* — Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

*(b)   Condition of probation or parole.* — Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

*(c)  Mandatory restitution.*

\*       \*       \*

_____

[2]   In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa. Super. 2000).

(2) At the time of sentencing the court shall specify the amount and method of restitution. **In determining the amount and method of restitution, the court:**

**(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4)[3] and such other matters as it deems appropriate.**

18 Pa.C.S. § 1106 (emphasis added). The amount of a restitution order is limited by the loss or damages sustained as a direct result of defendant's criminal conduct and by the amount supported by the record. ***Commonwealth v. Dohner,*,** 725 A.2d 822 (Pa. Super. 1999).

Instantly, the trial court urges this court[4] to remand the matter solely on the issue of the amount of restitution imposed upon Munno based upon

_____

[3] Pursuant to section 1106(c)(4):

(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

18 Pa.C.S. § 1106(c)(4)(i), (ii).

[4] The Commonwealth concurs with the trial court that the case should be remanded for resentencing on the proper amount of restitution. ***See*** Commonwealth's Brief, at 5.

the fact that the Commonwealth did not present any documentation to support the $800.00 order of restitution. We agree.

From the record, it appears that the restitution amount was based solely upon Belczyk's testimony as set forth in the criminal complaint/affidavit of probable cause. **See** Police Criminal Complaint, 11/18/14, at 2 ("actor . . . intentionally retained . . . property, namely 16 boxes of ROGAINE valued at $50.00 per box for a total of $800.00[.]"); Affidavit of Probable Cause, 11/18/14, at 2 ("Jason [Belczyk] advised me that the suspect ran out of the store with about 16 boxes of ROGAINE valued at $50.00 each for a total theft amount of $800.00."). Since restitution is a sentence, the amount ordered must be supported by the record and may not be speculative or excessive. **Commonwealth v. Reed**, 543 A.2d 587, 589 (Pa. Super. 1988). Accordingly, without any documented evidence to support the ordered restitution amount, it is in direct contravention of sections 1106(2)(i) and 1106(4) and established case law. **See Commonwealth v. Reed**, 543 A.2d 587, 589 (Pa. Super. 1988). Thus, we reverse the restitution portion of Munno's sentence and remand the matter for a new sentencing hearing limited to the issue of the proper amount of restitution to be ordered.

With regard to Munno's argument that the evidence was insufficient to find him guilty of retail theft,[5] we affirm on the basis of the opinion authored

---

[5] The offense of retail theft is defined as:
*(Footnote Continued Next Page)*

by Judge Flaherty. As noted in Judge Flaherty's decision, the store manager, whose testimony the court found credible, had an unobstructed view of Munno from a distance of 30 feet and observed Munno as he exited and ultimately fled Walgreen's with a basket full of unpaid Rogaine as store alarms sounded. *See Commonwealth v. Dent*, 837 A.2d 571 (Pa. Super. 2003) (where defendant tripped electronic article surveillance alarm as she left drugstore, store manager's search of defendant's purse uncovered unpaid set of fingernails with alarm code sticker, defendant fled store when manager threatened to call police, and store manager identified defendant in court, there was sufficient evidence to uphold retail theft conviction).

Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this decision.[6] Jurisdiction relinquished.

---

*(Footnote Continued)*

> (a) Offense defined.--A person is guilty of a retail theft if he:
>
>> (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S. 3929(a)(1).

[6] We affirm the retail theft conviction and remand solely for resentencing on restitution as a condition of Munno's probation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,

                                     CC No.: 16539-2014

                                     Superior Court No: 1561 WDA 2015

   v.

MARCO DOMENIC MUNNO,

      Defendant.

OPINION

FLAHERTY, J.                                            March 1, 2016

Marco Domenic Munno ("Defendant") appeals from the Judgment of Sentence imposed on July 9, 2015.

On November 18, 2014, Defendant was charged with one count of receiving stolen property (18 Pa.C.S.A. §3925(a)) and one count of retail theft (18 Pa.C.S.A. §3929(a)(1)) for offenses that occurred on November 8, 2014. The charge of receiving stolen property was withdrawn at Defendant's preliminary hearing and the sole charge of retail theft was waived to the Court of Common Pleas.

On July 9, 2015, Defendant waived his right to a trial by jury and the matter proceeded to a non-jury trial. At the conclusion of all of the evidence, this Court found Defendant guilty of the sole count of retail theft. Defendant waived his right to a pre-sentence report and Defendant was sentenced to a period of six (6) months probation and ordered to pay restitution to Walgreen's in the amount of eight hundred dollars ($800.00).

On July 20, 2015, Defendant filed a Motion to Reconsider Sentence wherein he challenged this Court's order of sentence with regard to the amount of restitution. On September 8, 2015, this Court denied his Motion. On October 8, 2015, Defendant filed his Notice of

1

Appeal. Via Order of Court dated October 13, 2015, Counsel for Defendant was directed to file a Concise Statement of Matters Complained of on Appeal. On December 3, 2015, Counsel for Defendant filed his Concise Statement wherein he raised the following issues:

1. The evidence was insufficient to prove, beyond a reasonable doubt, that Defendant was the individual who committed the offense for which he was charged.

2. The Commonwealth failed to satisfy its burden of proving the restitution amount as it presented no evidence of record regarding restitution.

3. The trial court erred when it denied Defendant's post-sentence motion to reconsider sentence and requesting a hearing to determine the restitution amount, as a hearing was required to determine the full amount of restitution under an adversarial system with considerations of both federal and state due process.

4. The trial court erred when it sentenced Defendant to pay $800 in restitution as the record does not reflect facts making up the restitution amount, the restitution amount was speculative, and the trial court did not state on the record the facts the Commonwealth put into evidence proving that such a restitution amount was proper.

The facts as found by this Court are as follows: on July 9, 2015, Jason Belczyk, the store manager of the Moon Township Walgreens, watched a man approach the exit of Walgreens. (Trp. p. 9). Mr. Belczyk identified the man who was approaching the exit of Walgreens as Defendant. (Trp. p. 11). This Court finds Mr. Belczyk's identification of Defendant to be credible. Defendant was carrying a blue basket filled with Rogaine. (Trp. p. 9). As Defendant approached the gates, the store alarms were activated, as were the "spider" alarms on the packages. (Trp. p. 9). When the alarms sounded, Defendant ran out of the store. (Trp. p. 9). Mr. Belczyk followed Defendant out of the store, and observed Defendant jump into a running vehicle that was backed into a parking space. (Trp. p. 10). Mr. Belczyk then obtained the license plate number for the vehicle and contacted the Moon Township Police Department. (Trp.

2

p. 10). Defendant did not pay for the Rogaine prior to exiting the store, nor did he have permission to take the merchandise out of the store. (Trp. p. 11).

At trial, the Commonwealth presented video surveillance of the incident that was taken from Walgreen's. Mr. Belczyk testified that the video depicted the entrance of Walgreen's. (Trp. p. 13). This video depicts Defendant exiting the store with a basket full of product. (Trp. p. 13). As Defendant approaches the exit, the alarms sound and Defendant runs out of the store. (Trp. p. 13).

Defendant's first issue on appeal is that the evidence was insufficient to prove beyond a reasonable doubt that Defendant is the person who committed the offense of retail theft. Retail theft, as charged in this case, is defined in 18 Pa.C.S.A. §3929(a)(1) as follows:

> a person is guilty of a retail theft if he takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof.

18 Pa.C.S.A. §3929(a)(1). As stated above, Defendant was observed with a basket full of Rogaine exiting Walgreen's without paying for the merchandise or having any other permission to remove the product from the store. Defendant then fled with the Rogaine when the alarms sounded. Defendant's identity was credibly established by the testimony of Mr. Belczyk, who was able to identify Defendant in court. As such, the Commonwealth established beyond a reasonable doubt that Defendant is the person who committed the November 8, 2014 retail theft at Walgreen's in Moon Township.

Defendant's three remaining issues revolve around the restitution amount set by this Court. After sentencing, the Commonwealth presented this Court with a proposed restitution order in the amount of $800.00. At that time, it was represented by the Commonwealth that

3

there were 16 boxes of Rogaine stolen by Defendant and each had a value of $50.00. It is the recollection of this Court that the Commonwealth presented an invoice or inventory report from Walgreens that substantiated this amount. Thus, this Court accepted the Commonwealth's restitution order. At that time, Defendant indicated that he did not believe there were sixteen (16) boxes of Rogaine and challenged the amount of restitution. This Court thereafter set the restitution at $800.00. In his Post-Sentence Motion, Defendant requested a hearing on the issue of restitution. Believing that the Commonwealth presented evidence to substantiate the amount of $800.00 in restitution, this Court denied this request.

Upon review of the transcripts and court record in this matter, it does not appear that Commonwealth's inventory report or other invoice that substantiated the quantity or amount of Rogaine that was stolen was made part of the record. As such, this Court requests that this matter be remanded for a hearing limited to the issue of the amount of restitution.

For the foregoing reasons, this Court's July 9, 2015 finding of guilt should be affirmed, but the matter should be remanded for a hearing on the issue of restitution.

BY THE COURT,

Thomas E. Flaherty, Judge
Court of Common Pleas

4

Commonwealth of Pennsylvania
v.
Marco Domonic Munno

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

DOCKET NO: CP-02-CR-0016539-2014
DATE OF ARREST: 11/25/2014
OTN: G 698157-0
SID: 306-72-62-3
DOB: 12/12/1981

# ORDER OF SENTENCE

AND NOW, this 9th day of July, 2015, the defendant having been convicted in the above-captioned case is hereby sentenced by this Court as follows. The defendant is to pay all applicable fees and costs unless otherwise noted below:

Count 1 - 18 § 3929 §§ A1 - Retail Theft-Take Mdse (M1)
To be placed on Probation - County Regular Probation - for a minimum period of 6 Month(s) and a maximum period of 6 Month(s) to be supervised by Allegheny County Probation.
The following conditions are imposed:
Restitution: Defendant is to pay restitution in the amount of $800 to Walgreen's

Contact - No Contact: Defendant is to have no contact with the Walgreen's on University Blvd.
This sentence shall commence on 07/09/2015.

Count 99,999 - 18 § 3925 §§ A - Receiving Stolen Property (M1)
Offense Disposition: Disposed at Lower Court

BY THE COURT:

07/09/2015

Judge Thomas Flaherty

APPENDIX C