J-S86002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMOND SMITH | : | |
| | : | |
| Appellant | : | No. 631 WDA 2015 |

Appeal from the Judgment of Sentence March 2, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013592-2014,
CP-02-CR-0014867-2014

BEFORE:  GANTMAN, P.J., MOULTON, J., STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:             **FILED DECEMBER 12, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following Appellant's open guilty plea to three counts of receiving stolen property and one count of access device fraud[1] at lower court docket number CP-02-CR-0013592-2014, and five counts of receiving stolen property[2] at lower court docket number CP-02-CR-

_____

[1] 18 Pa.C.S.A. §§ 3925(a) and 4106(a)(1), respectively. In exchange for Appellant's guilty plea, the Commonwealth withdrew three counts of burglary and two counts of receiving stolen property.

[2] 18 Pa.C.S.A. § 3925(a). In exchange for Appellant's guilty plea, the Commonwealth withdrew two counts of burglary, four counts of theft by unlawful taking, and three counts of conspiracy.

_____

*Former Justice specially assigned to the Superior Court.

0014867-2014.[3] Appellant presents challenges to the legality and discretionary aspects of his sentence. We affirm.

The relevant facts and procedural history have been aptly set forth by the trial court, in part, as follows:

> This matter arises out of various cases filed against [Appellant] related to several victims who had items stolen from their residences between January 2014 and September 2014. [The charges were consolidated in the trial court, and on March 2, 2015, Appellant proceeded to a guilty plea, sentencing, and restitution hearing. Relevantly,] [a]s to the case at [CP-02-CR-0014867-2014], the Commonwealth's summary of the evidence indicated that Detectives from the City of Pittsburgh and the victims, including Karen Forney and Katie Lloyd, would have testified that:
>
>> "[O]n or about September 15, 2014, through September 19, 2014, there were multiple break-ins reported in the City of Pittsburgh. Upon investigation, City of Pittsburgh police officers determined that [Appellant] [] had pawned property belonging to the listed victims. He did so without their permission, and [Appellant] also admitted to being in possession of that stolen property." ([N.T. 3/2/15] p. 16)[.]
>
> As to the case at [CP-02-CR-0013592-2014], the Commonwealth's summary of the evidence [was] that Detectives from the City of Pittsburgh and various victims would have testified that:
>
>> "[D]uring the months of August and September of 2014, there were multiple break-ins reported. Upon investigation, the City of Pittsburgh police determined [Appellant] pawned property belong[ing] to the victims in this case. He did so without the victims' permission. He was also found

_____

[3] In a consolidated guilty plea hearing, Appellant pled guilty to multiple charges in several cases. However, on appeal, he presents challenges solely to his sentences for his convictions docketed in two of the cases, CP-02-CR-0013592-2014 and CP-02-CR-0014867-2014.

> to unlawfully use credit cards that were taken during this transaction." ([N.T. 3/2/15] pp. 16-17)[.]

At the time of his [hearing], [Appellant] argued that he was responsible for restitution related to the amount that the victims were required to pay to retrieve their property from the pawn shops. ([N.T. 3/2/15] p. 5)[.] However, [Appellant] contended that he was not involved in the actual burglaries from the homes, and therefore, was not responsible for restitution for all items that were missing from the victims' residences.

\*\*\*

As to the amount of restitution for the victim, Karen Forney, Forney testified to the value of the stolen property as follows:

> "[T]here is $20 for an I-MAC, which is still being held by the pawn shop and then the jewelry, all of which were gifts of sentimental value. I estimate at $500, including two gold rings, pearls, and a watch, which was a gift, and [other] certain silver items and costume jewelry." ([N.T. 3/2/15] p. 30)[.]

Forney acknowledged that the jewelry, which she estimated had a value of $500.00, was not at the pawn shop, and therefore, she did not get it back. ([N.T. 3/2/15] p. 31)[.][4]

Katie Lloyd testified that she had two laptops and a charger stolen. ([N.T. 3/2/15] p. 33)[.] Lloyd was able to recover one laptop from a pawn shop for $250.00 but the second laptop, which she valued at $100.00, was not recovered because she did not have the serial number for it, and therefore, could not determine whether it was pawned or not. ([N.T. 3/2/15] p. 33)[.]

[Appellant] argued that he was only responsible for the items actually recovered or recoverable from the pawn shops and, therefore, he was not responsible for the $500.00 in jewelry taken from Forney or the second computer, valued at $100.00, taken from Lloyd. In response[,] the Commonwealth argued that all of the items "were taken during the same incident in which [Appellant] was found pawning certain items. He could

_____

[4] The testimony of another victim, Janice Held, indicated that not only did Appellant pawn electronic items, such as laptop computers, but he also pawned jewelry. Held testified that she retrieved one of her stolen bracelets from a pawn shop.

have pawned the other items. They just were never tracked down." ([N.T. 3/2/15] p. 37).

Trial Court Opinion, filed 6/20/16, pp. 2-4 (italics omitted) (footnote in original).

After accepting Appellant's guilty pleas, the trial court inquired as to whether there was any additional information for sentencing purposes. Guilty plea counsel informed the trial court that Appellant was aware of his right to have a presentence investigation report prepared to aid the trial court with regard to sentencing; however, Appellant wished to proceed without it. *Id.* at 18. Appellant made a statement to the victims, as well as the trial court, and guilty plea counsel asked that Appellant be sentenced to a period of probation only. *Id.* at 41-42. In response, the Commonwealth argued that, no matter what period of confinement the trial court imposed, the trial court should impose "a lengthy probationary tail" with the condition that restitution be made. N.T. 3/2/15 at 42.

As to lower court docket number CP-02-CR-0013592-2014, the trial court imposed the following sentence: one count of receiving stolen property (F3), eleven months and fifteen days to twenty-three months in prison, to be followed by five years of probation. The sentencing order listed the payment of restitution as a condition of Appellant's probation, and for the amounts,

indicated "[s]ee order filed[.]" Sentencing Order, filed 3/2/15.[5] The trial court indicated that it would permit alternative housing so that Appellant would be eligible for work release. The trial court additionally imposed concurrent periods of five years' probation for one count of access device fraud (M1) and one count of receiving stolen property (M1). No further penalty was imposed for one count of receiving stolen property (M2).

As to lower court docket number CP-02-CR-0014867-2014, the trial court imposed the following sentence: two counts of receiving stolen property (F3), for each count eleven months and fifteen days to twenty-three months in prison, to be followed by five years' probation; the sentences to run concurrently. The sentencing order listed the payment of restitution as a condition of Appellant's probation with regard to both receiving stolen property (F3) convictions, and for the amounts, indicated "[s]ee order filed[.]" Sentencing Order, filed 3/2/15.[6] The trial court indicated that it would permit alternative housing so that Appellant would be eligible for work release. As to the remaining three counts of receiving

---

[5] The sentencing order further listed the following conditions of probation: Appellant is to pay the costs for probation supervision; Appellant is to have no contact with the victims; Appellant is to undergo a drug and alcohol evaluation; and Appellant is to undergo a MHMR Evaluation. **See** Sentencing Order, filed 3/2/15.

[6] The sentencing order further listed the following conditions of probation: Appellant is to pay the costs for probation supervision, and Appellant is to have no contact with the victims. **See** Sentencing Order, filed 3/2/15.

stolen property (M1), the trial court imposed a period of five years' probation for each count with the sentences to run concurrently to each other, as well as to the sentences for receiving stolen property (F3).

The sentences imposed for CP-02-CR-0013592-2014 and CP-02-CR-0014867-2014 were to run concurrently to each other. Thus, Appellant was sentenced to an aggregate of eleven months and fifteen days to twenty-three months in prison, to be followed by five years' probation.

With regard to the amount of restitution, at lower court docket number CP-02-CR-0013592-2014, the trial court directed that Appellant pay restitution as follows: $1,000.00 to Held, $148.00 to Craig Britcher, and $1.00 each to Leah Rosenblum and Gabrielle Boutempi. At lower court docket number CP-02-CR-0014867-2014, the trial court directed that Appellant pay restitution as follows: $520.00 to Forney, $350.00 to Lloyd, and $225.00 to Andrea Laurion.

On March 12, 2015, Appellant filed a timely, counseled post-sentence motion, which the trial court denied without a hearing. This timely, counseled appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

In his first issue, Appellant contends the trial court imposed an illegal sentence by requiring him to make restitution to Forney and Lloyd for items (*i.e.*, $500.00 for Forney's jewelry and $100.00 for Lloyd's laptop) which were never recovered from a pawn shop. Relying upon **Commonwealth v.**

*Reed*, 543 A.2d 587 (Pa.Super. 1998), Appellant contends that he did not plead guilty to any crimes related to the theft of the jewelry or laptop, and there is no evidence of a causal connection between the loss of these items and Appellant's role in receiving some other property that was stolen by the burglar. He contends that the trial court improperly required him to pay for items for which he was not criminally responsible, thus resulting in an illegal sentence.

In response, the Commonwealth argues, *inter alia*, that Appellant was ordered to pay restitution as a condition of his probation. Accordingly, the Commonwealth argues that Appellant's case is distinguishable from *Reed*, *supra*, and is more akin to *Commonwealth v. Kelly*, 836 A.2d 931 (Pa.Super. 2003).

Initially, we agree with Appellant that his first issue presents a legality of sentencing claim. An appeal from an order of restitution based upon a claim that the restitution order is unsupported by the record and/or the trial court lacks statutory authority challenges the legality, rather than the discretionary aspects, of sentencing. *Commonwealth v. Stradley*, 50 A.3d 769 (Pa.Super. 2012); *Commonwealth v. Smith*, 956 A.2d 1029 (Pa.Super. 2008) (*en banc*). The determination of whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary. *Stradley*, *supra*.

The following statutory provisions are relevant:

**§ 1106. Restitution for injuries to person or property**
**(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a) (bold in original).

**§ 9754. Order of probation**
* * *
**(b) Conditions generally.--**The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.
**(c) Specific conditions.**—The court may as a condition of its order require the defendant:
* * *
(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754(b), (c)(8) (bold in original).

With regard to restitution, this Court has relevantly stated the following:

Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge.
In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S.A. § 1106(a), or as a condition of probation under 42 Pa.C.S.A. § 9754[.] When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. *See* 18 Pa.C.S.A. § 1106(a). However, when restitution is ordered as a condition of probation, the sentencing court is

accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim[s]. **See** 42 Pa.C.S.A. § 9754.

When restitution is imposed as a condition of probation under [42 Pa.C.S.A. §] 9754, the required nexus between the defendant's criminal conduct and the victim[s'] loss is relaxed. However, there must be at least an indirect connection between the criminal activity and the loss. Additionally, to the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered. Finally, where a sentencing court imposes restitution as a probationary condition, sub-section 9754(c)(8) obligates the court to determine what loss or damage has been caused and what amount of restitution the defendant can afford to pay. 42 Pa.C.S.A. § 9754(c)(8).

\*\*\*

[T]his Court has stated that a court may properly impose restitution as a probationary condition if the court is satisfied that the restitution is designed to rehabilitate the defendant and to make some measure of reimbursement to the victim[s].

**Commonwealth v. Kinnan**, 71 A.3d 983, 986-88 (Pa.Super. 2013) (citations, quotation marks, quotations, and footnotes omitted).

In **Reed**, **supra,** upon which Appellant in this case relies, the appellant was charged with receiving stolen property, and the bills of information listed the specific property, along with an estimated value of each item. At trial, the evidence showed that the total loss caused by the appellant's conduct did not exceed $480.00. However, in fixing the appellant's restitution as part of his sentence, the trial court directed the appellant to pay $6,205.71, which represented the total loss sustained in the burglary in which the property unlawfully received by the appellant had been taken.

This Court concluded in **Reed** that "there was no evidence to show a causal connection between the total losses sustained [by the victim] and

[the appellant's] role in receiving some of the property stolen." **Reed**, 543 A.2d at 589. Accordingly, this Court determined that the sentencing order of restitution was illegal since it was not supported by the record, and we vacated the appellant's sentence. **Id.** at 590.

In **Kelly**, **supra**, which the Commonwealth argues is controlling, the appellant entered a plea of *nolo contendere* to three counts of receiving stolen property--two cell phones and a CD player that had been removed from the dashboard of a truck. Following a restitution hearing, the trial court ordered the appellant to pay restitution in the amount of $2,269.80 as a condition of his probation. Of that amount, $1,938.41 represented the cost of repair to the truck which had been broken into, and $330.67 represented the value of the CD player.

The appellant in **Kelly** argued that the restitution order was improper since he was not criminally responsible for the damage to the truck as he was not the person who actually broke into the truck. However, in upholding the appellant's sentence, this Court, distinguishing **Reed**, **supra**, emphasized that the restitution regarding the damage to the truck was a condition of the appellant's probation. Accordingly, this Court relevantly held:

> We recognize that a restitution order as a condition of probation cannot be indiscriminate. It is true that the court in this case heard no testimony as to how [the appellant] obtained the CD player, and "assum[ed] he paid 20 bucks on the street from some unknown guys." However, the verdict means [the appellant] was convicted of buying the goods, and he either

- 10 -

knew they were stolen or reasonably should have known they were stolen. We note that [the trial court] reasoned that "if those people aren't out there buying stolen property, people aren't breaking in. . . ." In other words, [the appellant] provided a market for that person who is criminally responsible for the break-in and damage to the truck. While this would not be enough to be considered a "direct" result of the criminal activity, we do agree with [the trial court] that this can be considered "indirectly" connected to the criminal activity.

*Kelly*, 836 A.2d at 934 (citations to record omitted).

In the case *sub judice*, the record reveals restitution was imposed as a condition of Appellant's probation under 42 Pa.C.S.A. § 9754(c)(8). Specifically, the record reflects that the Commonwealth argued at the sentencing hearing that the trial court should impose "a lengthy probationary tail" with the condition that restitution be made. N.T. 3/2/15 at 42. Apparently accepting the Commonwealth's argument, the trial court's written sentencing orders indicate that restitution is a condition of Appellant's probation for both cases at issue. Thus, contrary to Appellant's averment that *Reed* is controlling, we agree with the Commonwealth that this case is more akin to *Kelly*.

Here, similar to *Kelly*, while Appellant did not plead guilty to the burglary of Forney's and Lloyd's residences, he pled guilty to receiving stolen property therefrom. Furthermore, similar to *Kelly*, the record reveals that Appellant provided a market for the people who committed the burglaries. Thus, he was at least indirectly connected to the criminal activity with regard to all of the items stolen from Forney's and Lloyd's residences and not just

the items recovered from the pawn shops. Accordingly, the trial court properly ordered, as a condition of Appellant's probation, that Appellant make restitution to Forney and Lloyd for all of the items stolen from their homes.[7]

In his final issue, Appellant contends the trial court abused its discretion in failing to place adequate reasons on the record for the imposition of Appellant's sentence for receiving stolen property (F3) in the

_____

[7] In its Pa.R.A.P. 1925(a) opinion, the trial court failed to appreciate that the sentencing orders directed restitution as a condition of Appellant's probation. Rather, the trial court responded to Appellant's Pa.R.A.P. 1925(b) claim that the restitution order could not be upheld under **Reed**, **supra** by explaining there was a direct causal connection between the loss of Forney's jewelry, as well as Lloyd's laptop, and Appellant's role in receiving the stolen property, to which Appellant pled guilty. Specifically, the trial court noted that Appellant pled guilty to receiving "movable property, namely electronic items and/or other items with a total value greater than $2,000.00 belong to Karen Forney and/or Andrea Laurion [(who lived together)]. . . ." Trial Court Opinion, filed 6/20/16, at 7. Also, Appellant pled guilty to receiving "moveable property, namely electronic items and/or jewelry and/or other items with a total value greater than $2,000.00 belonging to Davita Kubrin and/or Katie Lloyd [(who lived together)]. . . ." **Id.** at 7-8 (footnote omitted). Thus, Appellant was directed to pay restitution in an amount that was below the amount to which he pled guilty. The trial court concluded that the evidence established Appellant had in his possession not only the stolen items he admittedly pawned but the other items that had been stolen from Forney and Lloyd. **Id.** at 8. The trial court noted "[t]he fact that the items could not be later retrieved from a pawn shop is not dispositive of the issue of whether. . .[Appellant] possessed the stolen items." **Id.** To the extent the trial court intended the restitution to be imposed as a direct sentence under 18 Pa.C.S.A. § 1106(a), we find the trial court's reasoning sound.

aggravated range.[8]  He also reasons the trial court abused its discretion in failing to consider the factors set forth in 42 Pa.C.S.A. § 9721(b), resulting in the imposition of an excessive sentence.  Appellant's issues present a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*) (explaining claim sentencing court failed to consider Section 9721(b) factors pertains to discretionary sentencing matters); *Commonwealth v. Fullin*, 892 A.2d 843 (Pa.Super. 2006) (holding claim sentencing court erred in failing to state on the record the reasons for imposition of aggravated range sentence pertains to discretionary aspects of sentencing).

Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed.  *See Commonwealth v. Eisenberg*, 626 Pa. 512, 98 A.3d 1268 (2014) (holding that the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case).  However, when there are no sentencing restrictions in

_____

[8] Appellant's receiving stolen property conviction (F3) has an offense gravity score of 5, *see* 204 Pa.Code. §§ 303.3, 303.15, and Appellant had a prior record score of 0. N.T. 3/2/15 at 4. Thus, under the basic sentencing matrix, the standard range was RS-9 months, with an aggravated range of +3 months.  *See* 204 Pa.Code. § 303.16(a).  Accordingly, Appellant's sentence of 11 months and 15 days to 23 months was in the aggravated range of the guidelines.

the plea agreement, the entry of a guilty plea will not preclude a subsequent challenge to the discretionary aspects of sentencing. *See Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa.Super. 2001). Because Appellant entered an open guilty plea, without sentencing restrictions, he may challenge the discretionary aspects of his sentence.

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa.Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted).

In the instant case, Appellant filed a timely notice of appeal, presented his issues in a timely post-sentence motion,[9] and included in his appellate brief a separate Rule 2119(f) statement. Moreover, Appellant's issues

---

[9] He also presented the issues in his court-ordered Pa.R.A.P. 1925(b) statement.

- 14 -

present a substantial question permitting our review, and thus, we shall proceed to a review of the merits. *See Cartrette*, *supra*; *Fullin*, *supra*.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*) (quotations and citations omitted).

42 Pa.C.S.A. § 9721(b), pertaining to sentencing generally, relevantly provides:

> **(b) General standards.--**. . . [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . .In every case in which the court imposes a sentence for a felony or misdemeanor. . .the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b) (bold in original).

Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question. . . ." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010). "Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the

character of the offender." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006) (citation omitted).

Here, Appellant specifically waived a pre-sentence investigation, and thus, the trial court did not have the benefit of a pre-sentence investigation report. N.T. 3/2/15 at 18. However, the record reveals the trial court was provided with sufficient information to substitute for a presentence investigation report, thereby allowing a fully informed, individualized sentencing decision. ***See Commonwealth v. Carrillo-Diaz***, 64 A.3d 722 (Pa.Super. 2013).

For instance, the record reveals the trial court was informed that Appellant was twenty years old, attended the 12th grade, was in the process of getting his GED, was gainfully employed, had lived previously with his mother, and has no known mental or physical disabilities. N.T. 3/2/15 at 8, 41. The trial court was informed that Appellant was in custody with regard to the instant offenses, and if released, he could possibly get back his job. ***Id.*** at 41. The trial court was informed Appellant's prior record score was zero, and that Appellant was participating in the ARD program when he was arrested in connection with the instant case. ***Id.*** at 8, 40. The trial court was informed Appellant was appearing before the court in the instant matter in connection with seven separate incidents, all of which occurred from January 2014 to September 2014. ***Id.*** at 8, 11-12. The trial court was informed that Appellant was not on probation or parole during this time

period. *Id.* at 12. The trial court was informed, in detail, of the circumstances and nature of Appellant's instant crimes and heard testimony from many of the victims. *Id.* at 13-17.

Further, Appellant made an in-court statement apologizing to the victims and informing the trial court that he is a family-oriented person, a caring, loving person, and not proud of "what happened." *Id.* at 42.

We presume the trial court considered this information in imposing its sentence. Moreover, we note that, after imposing Appellant's sentence, the trial court recognized there were "many incidents" involved but the court would permit alternative housing so that Appellant could be eligible for work release.[10] *Id.* at 44-45. Further, in its Rule 1925(a) opinion, the trial court, after setting forth the requirements of 42 Pa.C.S.A. § 9721(b), relevantly explained the following:

> As it pertains to the sentence in this case, the number of victims and the time period over which [Appellant] was involved in receiving stolen property was taken into consideration. In addition, [Appellant's] need for drug, alcohol and mental health evaluations were taken into consideration[.]. . .The record establishes [Appellant] was engaged in a course of criminal activity which impacted numerous victims that justified the sentence. It is clear that the number and nature of the offenses as well as [Appellant's] rehabilitative needs were considered.

---

[10] In light of the concurrent nature of Appellant's sentences for his many offenses, this Court notes the relative leniency of Appellant's aggregate sentence and reminds Appellant that, had we remanded for resentencing, the trial court would have been free to impose a lengthier aggregate sentence.

Trial Court Opinion, filed 6/20/16, at 5-6.

In light of the aforementioned, we find no merit to Appellant's discretionary aspects of sentencing claims, and we affirm his sentence.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016