**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Grace May NUSE, Appellant.**

Superior Court of Pennsylvania.

Argued April 1, 2009.

Filed July 8, 2009.

---

John R. Merrick, West Chester, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., West Chester, for Com., appellee.

BEFORE: STEVENS, KLEIN and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Grace May Nuse, Appellant, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas following her guilty plea to accidents involving damage to an attended vehicle or property[1] and driving while operating privilege is suspended or revoked,[2] a sum-

mary offense. Specifically, she challenges the court order, as amended, ordering restitution as a condition of probation. We affirm.

¶ 2 On May 1, 2007, Appellant was driving a car belonging to her purported common law husband when it collided with the vehicle in front of her, which was owned and operated by Robert Keys. Keys' vehicle struck the vehicle in front of him. Keys was injured and his vehicle "totaled." Appellant, who was driving with a suspended license, told Keys to pull over to exchange information, but when he did, she fled. Keys had no collision coverage. Because Appellant was driving while her license was suspended, her insurance company refused to indemnify Keys' loss.

¶ 3 After her open guilty plea, the court sentenced Appellant to one year's probation on accidents involving damage to an attended vehicle or property. After a hearing, the court ordered Appellant to pay restitution to Keys in the amount of $5,224.69, his property loss, as a condition of probation.[3] She was also sentenced to pay a $200.00 fine for the summary offense.

¶ 4 On March 13, 2008, Appellant filed a post-trial motion seeking to dispense with restitution on the basis that her crime was not the direct cause of the victim's loss. On May 7, 2008, after a hearing, the court reduced the amount to $1,000.00, leaving the other provisions unchanged. This timely appeal followed, in which Appellant raises a single question for our review: whether the sentencing court erred by ordering restitution as a condition of proba-

1. 75 Pa.C.S.A. § 3743(a).

2. 75 Pa.C.S.A. § 1532(a).

3. Appellant, who, by her testimony, suffers from bi-polar disorder, has never worked. Her only income is a $637.00 monthly disability payment. At sentencing, Appellant's testimony about her financial and living arrangements was both vague and inconsistent. The trial court believed Appellant could purposefully have presented herself as in worse financial situation than was actually the case to reduce the amount considered available for restitution purposes. (Trial Ct. Op., 8/4/08, at 3 n. 3).

tion, when the loss resulted from the accident, not from her criminal act of leaving the scene of an accident involving damage to the attended vehicle.

¶ 5 Appellant concedes that a sentencing court has greater flexibility in ordering restitution as a condition of probation than as part of a direct sentence; nevertheless, she argues that there must be a significant connection between the crime and the damages under 42 Pa.C.S.A. § 9754(c)(8). She maintains that her leaving the scene of the accident was criminal, but had no connection to the damage or loss caused by the accident. We disagree.

¶ 6 Because Appellant contends that a particular statute was improperly applied by the sentencing court, she challenges the legality of her sentence. *See Commonwealth v. Pleger,* 934 A.2d 715, 719 (Pa.Super.2007). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Love,* 957 A.2d 765, 767 (Pa.Super.2008) (citation and quotation marks omitted).

¶ 7 Appellant's restitution was imposed as a condition of probation under 42 Pa.C.S.A. § 9754, which provides in relevant part:

(a) **General rule.**—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

(b) **Conditions generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

(c) **Specific conditions.**—The court may as a condition of its order require the defendant:

* * *

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754(a)-(c). When restitution is imposed as part of the defendant's sentence, a direct causal connection between the damage to person or property and the crime must exist. *Commonwealth v. Harriott,* 919 A.2d 234, 237–38 (Pa.Super.2007) (citations omitted), *appeal denied,* 594 Pa. 686, 934 A.2d 72 (2007). However, "[w]here restitution is imposed as a condition of probation, the required nexus is relaxed." *Commonwealth v. Kelly,* 836 A.2d 931, 934 (Pa.Super.2003) (citations omitted). "While restitution cannot be indiscriminate, an indirect connection between the criminal activity and the loss is sufficient." *Harriott, supra* at 238. "Thus, even without direct causation, a court may properly impose restitution as a probationary condition if the court is satisfied that the restitution is designed to rehabilitate the defendant and to make some measure of reimbursement to the victim." *Id.*

¶ 8 Appellant argues that the disposition of this appeal is controlled by *Commonwealth v. Cooper,* 319 Pa.Super. 351, 466 A.2d 195 (1983). Her reliance is misplaced because that decision addressed restitution imposed as part of a sentence, not as a condition of probation. *See id.* at 196. In contrast the appellant in *Kelly, supra,* entered a plea of *nolo contendere* to three counts of receiving stolen property [4] and

---

4. 18 Pa.C.S.A. § 3925.

restitution was imposed as a condition of probation. *Id.* at 932. The appellant challenged the court's restitution order, claiming that the damage to the victim's truck as a result of a break-in and removal of his CD player did not result from Kelly's criminal activity. *Id.* This Court found that because the appellant provided a market for the person who was criminally responsible for the break-in and theft, there was a sufficient indirect connection to the criminal activity, that is, burglary, and the judgment of sentence was affirmed. *Id.* at 934.

¶ 9 The appellant in *Harriott, supra,* in addition to being ordered to serve intermediate punishment[5] as part of a DUI sentence, was also directed to pay restitution for the costs of precautionary blood tests performed on the arresting officers after the appellant spit on them. *Id.* at 236. This Court found that while the act of spitting was plainly differentiable from drunk driving, it was part of the appellant's overall criminal conduct which stemmed from the DUI. *Id.* at 240. Therefore, a sufficient indirect link between the criminal act and the officer's need for blood testing was established to support restitution as a condition of intermediate punishment. *Id.*

■■■ ¶ 10 In the instant case, the record confirms that the sentencing court imposed restitution as a condition of probation pursuant to 42 Pa.C.S.A. § 9754. Appellant concedes that "[a]n indirect connection will justify a restitution order[.]" (Appellant's Brief, at 8). The court found restitution appropriate because the victim's loss was "unquestionably indirectly, if not directly, related" to Appellant's criminal conduct. (Trial Ct. Op., 8/4/08, at 10). We agree.

¶ 11 Appellant argues that her "conduct had no connection, however loosely defined, to the damages." (Appellant's Brief, at 5). However, no case cited affirmatively supports the argument that Appellant's offenses are not at least indirectly linked to the injuries suffered by Keys and his vehicle. The connection between Appellant's criminal conduct and the loss suffered by the victim is even stronger than in either *Kelly* or *Harriott.* Burglary is not an element of the crime of receiving stolen property. *See* 18 Pa.C.S.A. § 3925. Spitting on an officer is not an element of a DUI offense. Yet, this Court concluded that there was still a sufficient indirect connection between the damage and the criminal conduct in both *Kelly, supra,* and *Harriott, supra.* Here, it is uncontested that defendant struck the victim's vehicle causing damage, and then left the scene of the accident. Causing damage to an attended vehicle is a pre-requisite element of the crime to which defendant pleaded guilty, creating a more direct connection between the damage and the criminal conduct than in either of the aforementioned cases. Furthermore, Keys' vehicle would not have been damaged if Appellant had not been driving, as she should not have been given the suspension of her license, the companion offense to which she pleaded guilty. The facts of record support a finding of at least an indirect connection between the damage and the commission of either crime.

¶ 12 The trial court appropriately imposed restitution designed to rehabilitate the defendant and to reimburse the victim. The court carefully considered Appellant's financial situation in conjunction with the damage caused to the victim's vehicle, even reducing the amount of restitution after

---

**5.** This Court has found "that the legal standard for attaching restitution as a condition of [intermediate punishment] should be the same as the standard for restitution which is imposed as a probationary condition." *Harriott, supra* at 239.

hearing of her financial circumstances. It concluded that restitution "would make her appreciate the seriousness of what she did[.]" (N.T. Sentencing, 3/3/08, at 20). "Such sentences afford courts latitude to order restitution so that offenders will understand the egregiousness of their conduct, be deterred from re-offending, and be encouraged to live responsibly." *Harriott, supra* at 238.

¶ 13 Judgment of sentence affirmed.