J-S28024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT DOUGLAS KOENIG, | |
| Appellant | No. 1612 MDA 2014 |

Appeal from the Judgment of Sentence entered March 25, 2014,
in the Court of Common Pleas of Centre County,
Criminal Division, at No(s): CP-14-CR-0001319-2013

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MAY 14, 2015**

Scott Douglas Koenig ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to harassment.[1]  We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> On July 22, 2013, a Criminal Complaint was filed against [Appellant] charging him with Count 1, Aggravated Assault, a felony of the first degree and violation of 18 Pa.C.S.A. § 2702(a)(1), Count 2, Simple Assault, a misdemeanor of the second degree and a violation of 18 Pa.C.S.A. § 2701(a)(1), and Count 3, Harassment, a summary offense and a violation of 18 Pa.C.S.A. § 2709(a)(1).  The charges filed against [Appellant] stem from a July 14, 2013 altercation outside of a bar. [Appellant] and Mr. Kenneth Laich engaged in a heated discussion that eventually led to [Appellant] threatening to harm Mr. Laich if he continued to engage in certain conduct.  The

_____

[1]  18 Pa.C.S.A. § 2709(a)(1).

testimony at oral argument was conflicting as to who threw the first punch during the ensuing altercation, however, it is clear that [Appellant] walked away from the fight while Mr. Laich was left on the ground bleeding from his nose and mouth.

Trial Court Opinion, 8/29/14, at 1-2.

On December 9, 2013, [Appellant] pled guilty to Count 3, Harassment, and the remaining charges against him were *nol prossed.* On March 25, 2014, the trial court sentenced Appellant to pay a fine of $75.00 and restitution in the amount of $28,089.07. Appellant filed a post-sentence motion on April 3, 2014, and the trial court convened a hearing on August 28, 2014. By opinion and order dated August 29, 2014, the trial court denied Appellant's post-sentence motion. Appellant filed a timely notice of appeal on September 22, 2014. Both Appellant and the trial court have complied with Pa.R.A.P 1925.

Appellant presents the following issues for our review:

1. WHETHER APPELLANT, SCOTT D. KOENIG'S GUILTY PLEA TO ONE COUNT OF 18 Pa.C.S.A. § 2709(A) (HARASSMENT) WAS NOT VOLUNTARILY, KNOWINGLY, UNDERSTANDABLY, OR INTELLIGENTLY ENTERED IN THE ABSENCE OF AN ORAL OR WRITTEN COLLOQUY SUCH THAT HE SHOULD BE PERMITTED TO WITHDRAW HIS GUILTY PLEA?

2. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A REQUIREMENT THAT APPELLANT, SCOTT D. KOENIG PHYSICALLY STRIKE SUPERFLUOUS LANGUAGE FROM THE CONTENT OF THE CRIMINAL INFORMATION TO WHICH HE PLED GUILTY AS A PRECONDITION TO CHALLENGING RESTITUTION?

3. WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE TRIAL COURT'S AWARD OF RESTITUTION IN THE AMOUNT OF TWENTY EIGHT THOUSAND EIGHTY-NINE

($28,089.07) AND 07/100 DOLLARS SINCE A DIRECT NEXUS BETWEEN THE CRIMINAL CONDUCT FOR WHICH [APPELLANT] WAS SENTENCED AND THE LOSS OR INJURY FOR WHICH RESTITUTION WAS ORDERED WAS NOT ESTABLISHED OF RECORD?

Appellant's Brief at 5.

In his first issue, Appellant argues that his guilty plea was invalid. Appellant's Brief at 14-18. Specifically, Appellant asserts that the trial court never conducted a guilty plea colloquy. *Id*. He thus maintains that his plea was not tendered knowingly, intelligently and voluntarily, and that he should have been permitted to withdraw his plea.

Before we address the merits of this claim, we must determine whether Appellant has preserved it for appellate review. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003). Where the appellant fails to preserve his challenge to the validity of the guilty plea by objecting at the sentencing colloquy or otherwise raising the issue at the sentencing hearing or through a post-sentence motion, the claim is waived. ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002).

Here, Appellant failed to file a post-sentence motion seeking to withdraw his guilty plea and did not otherwise seek to withdraw his plea either at the sentencing hearing or the hearing on his post-sentence motion.

- 3 -

Rather, for the first time on appeal, Appellant argues that his guilty plea was invalid, and seeks to withdraw it. Because Appellant has not properly preserved this challenge to the validity of his plea, it is waived.

Appellant's second and third issues are interrelated. Appellant argues that the trial court erred by ordering him to pay restitution of $28,089.07 representing the cost of the victim's medical expenses incurred as a result of his injuries. "In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Stradley***, 50 A.3d 769, 771–72 (Pa. Super. 2012). "Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge." ***Commonwealth v. Kinnan***, 71 A.3d 983, 986 (Pa. Super. 2013).

Appellant initially contends that the Commonwealth failed to establish the requisite elements of the crime of harassment pursuant to 18 Pa.C.S.A. § 2709(a)(1), to show a causal link between Appellant's crime and the

victim's injuries, which would entitle the victim to $28,089.07 in restitution. *See e.g.*, Appellant's Brief at 24. "When restitution is imposed as part of the defendant's sentence, a direct causal connection between the damage to person or property and the crime must exist." *Commonwealth v. Nuse*, 976 A.2d 1191, 1193 (Pa. Super. 2009); *see also Commonwealth v. Pleger*, 934 A.2d 715, 720 (Pa. Super. 2007) ("The court must also ensure that the record contains the factual basis for the appropriate amount of restitution[;] [i]n that way, the record will support the sentence").

Appellant was convicted of harassment, which is defined in 18 Pa.C.S.A. § 2709(a)(1) as follows:

   (a)   Offense defined.--A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

   (1)   strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or *threatens* to do the same ...

(emphasis added).

Appellant asserts that when he entered his plea of guilty to harassment, he plead only to *threatening* to harm the victim, but did not plead guilty to striking, shoving or kicking the victim, because any such actions in striking or shoving the victim were made in self-defense. Appellant's Brief at 25. Therefore, Appellant argues that because he only pled guilty to *threatening* the victim, he is not required to pay restitution of

- 5 -

$28,089.07 for injuries sustained when he struck and injured the victim in justifiable self-defense.

Our review of the record reveals that at the guilty plea hearing, the parties set forth on the record the factual basis for the plea, and discussed potential restitution as follows:

| | |
|---|---|
| Appellant's Counsel: | On July 14, 2013, [Appellant] and Mr. [Laich] were outside the Amvets in Philipsburg. It was a Sunday about 5:30. These two gentlemen knew each other. The subject of their heated discussion was a man who had contracted Scarlet Fever in Philipsburg in the early seventies and had irreversible brain damage. He was a slow man out in Philipsburg. [Appellant] was offering him employment with the summer turnover in State College, with an electrical company and some subcontractors. ... Two men in Philipsburg who knew the gentleman got into a bet and tried to get this man who is slow intoxicated to the point where he would not show up for work, and they were betting over whether he would lose his job, so it was some really depraved and nefarious activity on behalf of Mr. [Laich] and the other individual, and [Appellant] was the one responsible for bringing Jimmy over and giving him some employment so he could feel some sort of self-worth and make some money. They had a conversation, [with Appellant] saying, "Mr. [Laich] don't bet and don't give him alcohol, specifically Jack Daniels, before I'm trying to take him to work the next day, and don't bet on him losing his job. It's depraved." |

They had some words exchanged. We suggest that Mr. [Laich] threw the first punch. Punches were thrown. It was a harassment. ... There's some restitution. Currently it's $1,400 due. We're willing to pay that, but it's still outstanding. We don't have the final medical bills in yet, so we'd like to offer a summary plea to harassment. ... We think it's fair and in the interest of justice. If you sentence him in February, after we have had a chance to review all of his medical records, and we may, if they're too high, reserve the right to have some restitution hearing, but we do want to enter the summary harassment plea today.

Assistant District Attorney: The only thing, to qualify some of the stuff that [Appellant] said, is we are not stipulating to the background that [Appellant's] counsel said, but the specific facts at issue – there was a fight outside of Amvets in which the victim suffered a broken jaw. He had his mouth wired shut.

With respect to restitution ... the only definite figure that the Commonwealth has is the Victim Compensation Assistance Program paid around $1,400 out to medical providers, but ... additional restitution is to be owed. It is just a matter of getting those figures finalized with respect to the Victims Compensation Assistance Program and the hospital.

N.T., 12/9/13, at 3-5. Accordingly, the record reflects that at the guilty plea hearing, the factual basis of the plea established that Appellant engaged in a physical altercation with the victim, in which "punches were thrown." *Id*.

The trial court convened a sentencing hearing on March 25, 2014, at which the parties informed the trial court that the total amount of restitution claimed by the victim was $28,089.07, and that Appellant was objecting to that figure and requesting a restitution hearing. N.T., 3/25/14, at 3. That same day, the trial court, at Appellant's request, ordered Appellant to pay $28,089.07, and scheduled a subsequent post-sentence hearing on Appellant's challenge to the restitution amount.

In his post-sentence motion challenging the restitution amount, and at the August 28, 2014 post-sentence hearing, Appellant for the first time asserted that he had pled guilty only to threatening the victim, and that he did not accept guilt for striking or shoving the victim because those actions were made in self-defense. Post-Sentence Motion, 4/3/14; N.T., 8/28/14, at 4-5.[2] Appellant maintained that he was not responsible for restitution for the medical costs incurred as a result of the victim's injuries, given that he did not plead guilty to physically injuring the victim, but only to threatening him. *Id*. The Commonwealth objected, countering that "there is nothing in the record to support [Appellant's] argument that he pled only to threatening [the victim]." N.T., 8/28/14, at 6.

---

[2] Notably, at the sentencing hearing and the hearing on the post-sentence motion, while Appellant asserted that the sentence of restitution was improper because he did not plead guilty to harming the victim, Appellant did not seek to withdraw his plea on the basis that his plea was not knowing, voluntary and intelligently entered because he intended only to plead guilty to threatening the victim.

Upon review, we agree with the Commonwealth that the record does not support Appellant's argument that he only pled guilty to threatening the victim. At the guilty plea hearing, both Appellant and the Commonwealth in their stipulated facts, acknowledged that Appellant and the victim engaged in a physical altercation in which "punches were thrown." N.T., 12/9/13, at 4. Moreover, as the trial court explained in its Pa.R.A.P. 1925 opinion:

> Count 3 of the Criminal Information to which [Appellant] pled guilty states, "did with intent to harass, annoy or alarm another person, strike, shove, kick or otherwise subject him to physical contact, or attempt or threaten to do the same, to-wit, Kenneth Laich." Consistent with the language of § 2709(a)(1), Count 3 does not separate the crime of threatening to harm another person and actually striking, shoving, or kicking that person. Furthermore, the word "threaten" does not in any way modify those verbs which appear before it in the statute.
>
> On December 9, 2013, when [Appellant] signed his guilty plea, he did not strike out any language of Count 3 to indicate he was only pleading to a *threat* to harm, nor was any mention of such an intention made at the guilty plea hearing. Rather, [Appellant] indicated his willingness to pay the restitution known at that time, around $1,400.00, when he entered his plea. It was only after [Appellant] was aware of the full extent of the restitution owed that he began to argue he only pled guilty to a threat of harm rather than any actual harm inflicted. Based upon the clear language of § 2709(a)(1), the language in Count 3 of the Criminal Information, and no demonstration of an intent by [Appellant] to plead guilty to a mere *threat* of harm, [the trial court] finds that a direct nexus does exist between the crime to which [Appellant] pled guilty and the injuries suffered by Mr. Laich for which the restitution was ordered. As such, the Restitution ordered on March 25, 2014 was legal and proper under 18 Pa.C.S.A § 1106(a).

Trial Court Opinion, 8/29/14, at 2-3 (emphasis in original) (citation to notes of testimony omitted).

Our review of the record confirms that at the guilty plea hearing, Appellant admitted to a physical altercation with the victim in which "punches were thrown". N.T., 12/9/13, at 4. We therefore agree with the trial court's determination that Appellant did not plead guilty only to threatening the victim, and that a causal nexus between Appellant's criminal actions and the victim's injuries was established.

While Appellant argues that it was not his burden to alter or amend the criminal information to state only that he threatened the victim, it is not the language of the criminal information alone which establishes that Appellant pled guilty to punching the victim; rather, the record as a whole, including the recitation of facts at the guilty plea hearing, reflect that Appellant did not plead guilty only to threatening the victim.

Appellant also argues that the trial court's award of restitution was improper because the specific amount of the medical costs incurred by the victim resulting was not sufficiently established to support restitution in the amount of $28,089.07. Appellant's Brief at 25-27. Appellant contends that the medical bills submitted by the victim were deficient, and that the Commonwealth presented no expert testimony to demonstrate that medical bills actually represented the injuries caused by Appellant. *Id*. Accordingly, Appellant asserts that the restitution amount of $28,089.07 was based on unsupported speculation, that it was excessive, and that because the Commonwealth failed to provide the trial court with sufficient evidence to

determine the victim's medical costs with any certainty, the sentence of restitution should be vacated.  ***Id***.

18 Pa.C.S.A. § 1106 authorizes sentences of restitution "for any crime ... wherein the victim suffered personal injury directly resulting from the crime."  "[R]estitution can be permitted under 18 Pa.C.S. § 1106 only as to losses for which the defendant has been held criminally accountable." ***Commonwealth v. Harner***, 617 A.2d 702, 705 (Pa. 1992).  "The imposition of ... restitution [is] not considered punishment.  [R]estitution [is] designed to have the defendant make the government and the victim whole. Restitution compensates the victim for his loss and rehabilitates the defendant by impressing upon him that his criminal conduct caused the victim's loss and he is responsible to repair that loss." ***Commonwealth v. Wall***, 867 A.2d 578, 582 (Pa. Super. 2005).  "Although it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." ***Commonwealth v. Ortiz***, 854 A.2d 1280, 1282 (Pa. Super. 2004) (explaining that the defendant may challenge the accuracy of the bills and has the right to bring in his own expert to assess whether the amount should be less).

The Crimes Code provides that "[a]ny insurance company which has provided reimbursement to the victim as a result of the defendant's criminal

conduct" is entitled to restitution. 18 Pa.C.S.A. § 1106(c)(1)(ii)(D). In *Pleger, supra*, we explained:

> Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. 18 Pa.C.S.A. § 1106(a), (c). A restitution award must not exceed the victim's losses. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney, and such other matters as the court deems appropriate. 18 Pa.C.S.A. § 1106(c)(2)(i).

*Pleger*, 934 A.2d at 720.

Here, in support of the restitution award, the Commonwealth presented Mr. Laich as a witness at the post-sentence hearing; he testified that Appellant broke his jaw in two places, and broke his nose. N.T., 8/28/14, at 13-14. Mr. Laich testified that he endured "extensive surgery" with "plates and screws" being inserted and a tooth removed. *Id*. Additionally, the Commonwealth provided the trial court with various "Explanation of Benefits" forms setting forth the costs of medical services rendered to Mr. Laich between July 14, 2013 (the date of the incident) and October 1, 2013, as well as a letter from a claims recovery entity, Socrates

Inc., reflecting an amount owed $28,089.07, and an itemized list of the victim's medical bills.[3]

Although Appellant now argues that the $28,089.07 restitution amount is speculative because "the record is devoid of the introduction of [the victim's] contemporaneous medical records" and contains "no expert report", Appellant was free to call his own expert witness to challenge the Commonwealth's accounting of the medical bills, but did not do so. Neither at the sentencing hearing, nor the hearing on his post-sentence motion, did Appellant object to any particular medical bill as improperly calculated or factored into the $28,089.07 amount, or object to any of the medical bills as being inaccurate. While Appellant had the opportunity to do so, at neither hearing did Appellant specifically challenge the calculations set forth in the documentation and itemized bills provided by the Commonwealth, and the trial court expressly approved the Commonwealth's calculations based on the documentation provided. Further, our review does not reveal any discrepancy between the $28,089.07 restitution amount and the amount reflected on the bills and other documentation provided. We thus conclude that the Commonwealth presented sufficient documentation to support a restitution award of $28,089.07.

_____

[3] The bulk of the medical costs appear to stem from the costs incurred in the emergency room, and costs of surgery, anesthesia and attendant medical services on July 14 and 15, 2013. **See** Commonwealth Exhibits 2, 3, and 4.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/2015