J-S95041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROBERT CANTAFIO, :
:
Appellant : No. 218 EDA 2016

Appeal from the Judgment of Sentence October 16, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0001544-2015

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 14, 2017**

Robert Cantafio ("Cantafio") appeals from the judgment of sentence imposed following his conviction of two counts of possession of a controlled substance with intent to deliver.[1] We affirm in part, and vacate in part.

On August 5, 2015, following a jury trial, Cantafio was convicted of two counts of possession with intent to deliver. The trial court imposed an aggregate prison sentence of three to six years, followed by three years of probation, and ordered Cantafio to pay (1) $226 to the Pennsylvania State Police for "lab fees;" and (2) $44 to the Delaware County Criminal Investigation Division (for the cash paid to Cantafio by an undercover officer during a controlled drug buy which led to his arrest). **See** Sentencing Order, 10/16/15. Cantafio filed a timely Motion for reconsideration, which the trial court denied on December 8, 2015. Cantafio thereafter filed a timely Notice

---

[1] **See** 35 P.S. § 780-113(a)(30).

of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of

matters complained of on appeal.[2]

On appeal, Cantafio raises the following issues for our review:

1. Whether the restitution [O]rder is illegal because the County of Delaware, the putative beneficiary of $270.00 [in] restitution[,] is not a ["]victim["] pursuant to the Crime Victims Act[,] 18 Pa.C.S.A. [§] 11.101[?]

2. Whether the [t]rial [c]ourt erred when it failed to apply the [] Recidivism Risk Reduction Incentive [("RRRI")] because [] Cantafio had a second degree felony conviction for aggravated assault on his record from the year 2000? []

Brief for Appellant at 5.

In his first issue, Cantafio contends that the portion of the Sentencing

Order imposing restitution is invalid because the Commonwealth is not a

"victim" under the Crime Victims Acts. *Id*. at 8. Cantafio asserts that the

restitution Order is a nullity, and should be excised from the judgment of

sentence. *Id*. at 9. Cantafio claims that, because the restitution Order is

---

[2] In his Concise Statement, Cantafio raised only a single issue, challenging the sufficiency of the evidence. Cantafio did not raise any of the issues he now presents for our review. However, as each of the issues he now raises presents a challenge to the legality of his sentence, we may review them. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (holding that a challenge to the legality of a sentence is never waived so long as a court has jurisdiction to address the claim); *see also Commonwealth v. Dietrich*, 970 A.2d 1131, 1133 (Pa. 2009) (holding that a claim that restitution was entered without jurisdiction implicates the legality of sentence); *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014) (holding that a claim that the sentencing court failed to impose a RRRI minimum implicates the legality of sentence); *Commonwealth v. Garzone*, 993 A.2d 1245, 1255 (Pa. Super. 2010) (holding that a claim that the trial court lacked authority to impose lab fees presents a challenge to the legality of the sentence).

integral to the sentence imposed, its removal will disrupt the trial court's overall sentencing scheme. *Id*. at 10. On this basis, Cantafio argues that the judgment of sentence should be vacated, and the case remanded for resentencing. *Id*.

"The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Nuse*, 976 A.2d 1191, 1193 (Pa. Super. 2009) (quoting *Commonwealth v. Love*, 957 A.2d 765, 767 (Pa. Super. 2008)).

Initially, we disagree with Cantafio's characterization of the lab fees as "restitution." An order of restitution is intended "to provide the victim with the fullest compensation for the loss." 18 Pa.C.S.A. § 1106(c)(1)(i). However, lab fees are a "cost" related to the prosecution of a criminal case. *See* 42 Pa.C.S.A. § 1725.3.[3] "Costs are 'penal sanctions' arising from a criminal conviction and, therefore, the imposition of costs [is] part of the judgment of sentence." *Garzone*, 993 A.2d at 1255 (citation omitted). Because the imposition of lab fees is *mandatory*, we conclude that this aspect of Cantafio's judgment of sentence is not illegal, and he is not entitled to relief on this claim. *See* 42 Pa.C.S.A. § 1725.3.

---

[3] Pursuant to the version of section 1725.3 that was in effect at the time of Cantafio's sentencing, a person who is convicted of "a violation of The Controlled Substance, Drug, Device and Cosmetic Act shall, in addition to any fines, penalties or costs, in every case where laboratory services were required to prosecute the crime or violation, be sentenced to pay a criminal laboratory user fee …." 42 Pa.C.S.A. § 1725.3.

With regard to Cantafio's claim regarding the requirement that he pay $44 to the Delaware County Criminal Investigation Division, we must determine whether that entity was eligible to receive restitution under the circumstances of this case. *See Commonwealth v. Veon*, 2016 Pa. LEXIS 2613, at *32 (Pa. 2016). The payment of restitution is governed by 18 Pa.C.S.A. § 1106, which provides, in relevant part, as follows:

> **(a) General rule**.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> * * * *
>
> **(c) Mandatory restitution**.—
>
> (1) The court shall order full restitution:
>
> (i) . . . so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. . . .
>
> (ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:
>
> (A) The victim.
>
> (B) The Crime Victim's Compensation Board.

- 4 -

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

* * * *

**(h) Definitions**.—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

* * * *

**"Victim."** As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929. The term includes the Crime Victim Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S.A. § 1106 (footnote omitted).[4]

The Crime Victims Act defines "victim" as follows:

(1) A direct victim.

(2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.

(3) A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S.[A.] (relating to crimes and offenses) committed or attempted against a member of the child's family:

Chapter 25 (relating to criminal homicide).

Section 2702 (relating to aggravated assault).

---

[4] Section 479.1, formerly codified at 71 P.S. § 180-9.1, has since been recodified in the Crime Victims Act, 18 P.S. §§ 11.101, *et seq.*

- 5 -

Section 3121 (relating to rape).

(4) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiancé, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 P.S. § 11.103. A "[d]irect victim" is defined by the same section as "[a]n *individual* against whom a crime has been committed or attempted and who as a direct result of the criminal act or attempt suffers physical or mental injury, death or the loss of earnings under this act." *Id*. (emphasis added).

In construing these provisions, our Supreme Court recently ruled that the term "victim," as contemplated by section 11.103, "describes a human being, not a government agency." *Veon*, 2016 Pa. LEXIS 2613, at *47. Thus, the Delaware County Criminal Investigation Division is not entitled to receive restitution as a "victim." *Id*.

The Court further determined that,

[a]lthough subsection 1106(c)(1)(i)'s provisions regarding "victims" and "other government agenc[ies]" reveals that the General Assembly intended that restitution reach certain Commonwealth agencies in a manner that did not depend upon identifying such agencies as "victims," it nonetheless required first that the agency in question have provided compensation to a victim so defined.

*Id*.

Here, there is no evidence of record that the Delaware County Criminal Investigation Division provided compensation to a "victim," as that term has been defined by the General Assembly. Therefore, the Delaware County

Criminal Investigation Division was not entitled to restitution under section 1106, and the trial court erred by ruling otherwise. Accordingly, we vacate the portion of Cantafio's judgment of sentence ordering him to pay $44 in restitution to the Delaware County Criminal Investigation Division.

In his second issue, Cantafio contends that the trial court erred in denying him RRRI based on the prosecutor's assertion that Cantafio had been convicted of aggravated assault in 2000. Brief for Appellant at 13. Cantafio asserts that "[t]he record does not reflect more than a single count, makes no mention of and does not identify a victim, [and] the judicial district is not identified." *Id*. Cantafio claims that the trial court erred by "presuming the very existence of such a conviction made [him] ineligible [for RRRI,]" rather than "delv[ing] into the contested 2000 conviction." *Id*.

Notably, Cantafio does not deny his 2000 conviction for aggravated assault. Nor does he deny that such conviction rendered him ineligible for RRRI. Rather, Cantafio essentially argues that the trial court lacked sufficient evidence of his 2000 conviction. However, our review discloses that, prior to sentencing, the trial court ordered a presentence investigation report, which indicated that Cantafio pleaded guilty to aggravated assault on September 20, 2000, and that he was sentenced to nine to 23 months in prison, followed by two years of probation.[5] Where a sentencing court is

---

[5] The presentence investigation report further indicated that Cantafio had been granted probation on three prior occasions, had his probation revoked on three occasions, had been granted parole on three occasions, had his

informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). Accordingly, because the trial court was informed by a presentence investigation report, it was aware of Cantafio's 2000 conviction for aggravated assault and, necessarily, his ineligibility for RRRI. Thus, Cantafio is not entitled to relief on this claim.

Judgment of sentence affirmed in part, and vacated as to the $44 in restitution to the Delaware County Criminal Investigation Division only. Superior Court jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017

---

parole revoked on one occasion, and was serving four probationary sentences at the time of sentencing.