J. A12032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRANDI LEA WYDO-STREIT, | : | No. 1650 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 14, 2018,
in the Court of Common Pleas of Greene County
Criminal Division at No. CP-30-CR-0000231-2017

BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 7, 2019**

Brandi Lea Wydo-Streit appeals[1] from the September 14, 2018 aggregate judgment of sentence of 1 to 2 years' imprisonment, followed by 5 years' probation, imposed after she pled guilty to 89 counts of theft by unlawful taking or disposition (hereinafter, "theft").[2]  The sentencing court ordered appellant to pay reparations to the victim, Carmichaels Borough, in the amount of $24,965.11.  The sentencing court also ordered appellant to pay Carmichaels Borough an additional $15,430 for the costs it incurred in

---

[1] We note that although appellant purports to appeal from the October 26, 2018 order denying her post-sentence motion for reconsideration of sentence, a direct appeal in a criminal case is properly taken from a judgment of sentence.  **See Commonwealth v. Yancoskie**, 915 A.2d 111, 112 n.1 (Pa.Super. 2006), **appeal denied**, 927 A.2d 625 (Pa. 2007), **cert. denied**, 552 U.S. 1111 (2008).  We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. § 3921(a).

having Cypher & Cypher conduct a financial audit. After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: On June 28, 2017, appellant was charged with 89 counts each of theft and forgery[3] in connection with her theft of nearly $75,000 while employed as the Borough Manager of Carmichaels Borough, a small municipality located in Greene County. On June 6, 2018, appellant entered an open guilty plea to 89 counts of theft, and the Commonwealth *nolle prosed* the forgery charges. Following the completion of a pre-sentence investigation ("PSI") report, appellant proceeded to a sentencing hearing on August 3, 2018. At said hearing, the sentencing court sentenced appellant as follows:

> [W]ith regard to the first 12 counts, the Court hereby sentences [appellant] to a period of incarceration of not less than 30 days nor more than 60 days with each sentence to run consecutive for a total sentence of not less than one year nor more than two years.

Notes of testimony, 8/3/18 at 46. Appellant was sentenced to a consecutive term of 5 years' probation on the remaining counts. (*Id.* at 47-48.) The August 3, 2018 sentencing order further clarified that appellant's "total sentence imposed . . . is for . . . not less than one year nor more than two years[']" imprisonment to be served in the state prison system. (*See* sentencing order, 8/3/18 at ¶¶ 7-8.)

---

[3] 18 Pa.C.S.A. § 4101(a)(2).

As the sentencing court later explained in its opinion:

> The [c]ourt arrived at the sentence of not less than 1 nor more than 2 years by imposing a sentence on Counts 1-12 to consecutive sentences of not less than 30 days nor more than 60 days and then on Counts 13-89, the [sentencing c]ourt sentenced [appellant] to a period of 5 years['] probation consecutive to the sentence imposed at Counts 1-12.

Rule 1925(a) opinion, 1/9/19 at 2-3.

On August 10, 2018, appellant filed a motion for reconsideration, arguing that her 12 consecutive sentences of 30 to 60 days' imprisonment resulted in an aggregate judgment of sentence of 360 to 720 days, not 1 to 2 years. (*See* "Motion for Reconsideration," 8/10/18 at ¶¶ 1-3.) Thus, appellant averred that her sentence did not qualify as "a state sentence[.]" (*Id.* at ¶ 3.) On August 13, 2018, the sentencing court entered an order that granted appellant's motion for reconsideration, vacated its August 3, 2018 judgment of sentence, and released appellant on bail pending the rescheduling of sentencing. In so ruling, the sentencing court stated that it was

> the Court's intention was to sentence [appellant] to a period of not less than one year nor more than two years making it a State sentence. However, the sentence as imposed in the aggregate is a number of days short of the one to two years.

Order, 8/13/18 at ¶ 2.

Thereafter, on September 14, 2018, the sentencing court resentenced appellant, in accordance with its intentions, to consecutive sentences of "not less than 1 month nor more than 2 months" on Counts 1 through 12 and

clarified that appellant's aggregate judgment of sentence remained "not less than 1 year nor more than 2 years[.]" (Sentencing order, 9/14/18 at ¶¶ 6, 8; *see also* notes of testimony, 9/12/18 at 10.) As noted, appellant was also sentenced to a consecutive term of 5 years' probation. (Sentencing order, 9/14/18 at ¶¶ 10-11.) Pursuant to 42 Pa.C.S.A. § 9754(c)(8),[4] the sentencing court ordered appellant to pay reparations to Carmichaels Borough in the amount of $24,965.11, which represented the total amount of appellant's thefts less that which was reimbursed to Carmichaels Borough by the bonding company. (*Id.* at ¶ 13.) Additionally, the sentencing court ordered appellant to pay Carmichaels Borough an additional $15,430 for the costs it incurred in having Cypher & Cypher conduct a financial audit, as "legitimate costs of prosecution." (*Id.* at ¶ 14.)[5]

---

[4] Section 9754(c)(8) provides as follows:

> **(c) Specific conditions.--** The court may as a condition of its order [of probation] require the defendant:
>
> . . . .
>
> (8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754(c)(8).

[5] As discussed more fully, *infra*, the sentencing court later characterized this $15,430 as "additional reparations" pursuant to 42 Pa.C.S.A. § 9754(c)(8). (*See* order, 10/26/18 at ¶ 5.)

On September 17, 2018, appellant filed a post-sentence motion for reconsideration of sentence. On September 26, 2018, the sentencing court entered an order acknowledging that its prior sentencing order contained a "copy and paste error" that incorrectly listed the date of sentencing as August 3, 2018. (Order, 9/26/18 at ¶ 6.) The sentencing court indicated that "the true date [of sentencing] was September 12, 2018, and the Order was docketed and signed on September 14, 2018." (*Id.* at ¶ 7.) Thereafter, on October 26, 2018, the sentencing court denied appellant's post-sentence motion. This timely appeal followed.

On November 20, 2018, the sentencing court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed a timely Rule 1925(b) statement on November 29, 2018, and the sentencing court filed its Rule 1925(a) opinion on January 9, 2019.[6]

Appellant raises the following issues for our review:

> A. Are the Sentencing Orders of August 3, 2018, and September 14, 2018, in violation of the double jeopardy clause in the Fifth Amendment to the United States Constitution?
>
> B. Was [a]ppellant's sentence excessive in light of similar first-time offender defendants'

---

[6] On March 29, 2019, appellant filed an "Application to Strike [Commonwealth's] Alleged Facts Not Evinced in the Record," which was subsequently deferred to this panel for review. As the "facts" cited in appellant's application have no bearing on our decision, we deny appellant's application as moot.

sentences charged with similar crimes in the same jurisdiction?

C.     Did the [sentencing c]ourt properly rule that the costs of the Carmichaels Borough audits were reparations and incumbent upon [a]ppellant to repay?

Appellant's brief at 10.

We begin by addressing appellant's claim that the sentencing court's September 14, 2018 resentencing order had the effect of increasing her aggregate judgment of sentence from 360 to 720 days' imprisonment to 1 to 2 years' imprisonment, thereby violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  (*Id.* at 19-23.)   We disagree.

"[A]verments relating to . . . double jeopardy . . . implicate the legality of the sentence[.]" *Commonwealth v. Foster*, 17 A.3d 332, 337 (Pa. 2011) (citation omitted).  "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa.Super. 2012) (citation omitted).

The Double Jeopardy Clause, applicable to the states through the Fourteenth Amendment, provides, in relevant part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb [.]" U.S. Const. Amend. V.  Similarly, Article I, Section 10 of the Pennsylvania

Constitution provides that "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. Const. Art. I, § 10.

> Furthermore, the Double Jeopardy Clause [] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

***Commonwealth v. Farrow***, 168 A.3d 207, 214-215 (Pa.Super. 2017) (citations and internal quotation marks omitted; brackets in original).

This court has long recognized that "double jeopardy principles do not prevent a sentencing court from correcting, modifying, or increasing a sentence which the same court previously imposed." ***Commonwealth v. Vanderlin***, 580 A.2d 820, 832 (Pa.Super. 1990), quoting ***Commonwealth v. Rainey***, 488 A.2d 34, 35 (Pa.Super. 1985) (citation omitted). Nor is the Double Jeopardy Clause violated when a court resentences a defendant to "comport with the [court's] intention expressed on the record." ***Commonwealth v. Kunish***, 602 A.2d 849, 853 (Pa.Super. 1992). In ***Kunish***, the defendant was originally sentenced to 3½ to 7 years' imprisonment after he was found guilty of voluntary manslaughter. ***Id.*** at 849. On appeal, the case was remanded to the trial court for resentencing, and the trial court imposed a period of 2½ to 5 years' imprisonment. ***Id.*** at 850. Shortly thereafter, the trial court recalled the defendant to the courtroom and resentenced him to the original 3½ to 7-year sentence. ***Id.*** The trial court explained that its intent was to "impose the same sentence," but the

court "made a mistake in reading the years" when announcing the sentence on the record. *Id.* On appeal, the *Kunish* court upheld the defendant's sentence, reasoning that it was "quite evident from the judge's statements [that] he clearly intended to impose the same sentence that he had originally imposed[.]" *Id.* at 853.

Similarly, in the instant matter, the sentencing court corrected a mathematical error in its prior sentencing order that arose after the court inartfully set forth appellant's consecutive sentences in terms of days (30 to 60 days) rather than months (1 to 2 months). In doing so, the sentencing court made appellant's sentence "comport" with the intentions it expressed on the record at both the August 3, 2018 sentencing hearing and in two subsequent orders. *Kunish*, 602 A.2d at 85; notes of testimony, 8/3/18 at 46; sentencing order, 8/3/18 at ¶¶ 7-8. *See also* order, 8/13/18 at ¶ 2 (stating that it was the sentencing court's intention "to sentence [appellant] to a period of not less than one year nor more than two years making it a State sentence."). Based on the foregoing, we discern no merit to appellant's claim that her corrected sentence should be dismissed on double jeopardy grounds. *See Vanderlin*, 580 A.2d at 832.

Appellant next argues that her judgment of sentence is excessive because it is disproportionate to sentences the Court of Common Pleas of Greene County has imposed on other defendants charged "in similar cases with similar fact patterns [in Greene County]." (Appellant's brief at 24-25.)

Generally, our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted).

Where an appellant challenges the discretionary aspects of her sentence, as is the case here, the right to appellate review is not absolute. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of her sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether Appellant preserved her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant has filed a timely notice of appeal and has preserved her issue in her September 17, 2018 post-sentence motion. Appellant has also included a statement in her brief that comports with the requirements of Pa.R.A.P. 2119(f). Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). "An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014) (citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014). "When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847-848 (Pa.Super. 2006) (citations omitted).

Upon review, we find that appellant fails to raise a substantial question that her sentence is appropriate under the Sentencing Code. Appellant cites no specific authority to support her contention that the imposition of a

sentence that is disproportionate to "other sentences [the sentencing court] has handed down for similar individuals in similar circumstances" raises a substantial question.  (Rule 1925(b) concise statement, 11/29/18 at ¶ 5; *see also* appellant's brief at 25.)  Furthermore, to the extent appellant's claim is construed as a challenge to the court's imposition of 12 **consecutive** sentences, we find that such a claim does not ordinarily raise a substantial question.  *See Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super. 2010), *appeal denied*, 14 A.3d 825 (2011).  Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."  *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa.Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

> To make it clear, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, **a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.**

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013) (emphasis added), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Based on the foregoing, we find that appellant has failed to raise a substantial question for our review.

In her final claim, appellant argues that the sentencing court erred in concluding "that the costs of the Carmichaels Borough audits were reparations and incumbent upon [appellant] to repay[.]" (Appellant's brief at 29.)

Our standard of review in assessing whether a court erred in imposing restitution or reparations is well settled:

> [R]estitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge.

*Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa.Super. 2013) (internal citation and quotation marks omitted).

When restitution is imposed as part of the defendant's sentence, pursuant to 18 Pa.C.S.A. § 1106(a), there must exist a direct causal connection between the damage to person or property and the crime. *Commonwealth v. Harriott*, 919 A.2d 234, 237-238 (Pa.Super. 2007) (citations omitted), *appeal denied*, 934 A.2d 72 (Pa. 2007). However, when restitution or reparations are ordered as a condition of probation, pursuant to 42 Pa.C.S.A. § 9754(c)(8), the requirement of a nexus between the damage and the offense is relaxed. *Commonwealth v. Nuse*, 976 A.2d 1191, 1193 (Pa.Super. 2009) (citation omitted).

Here, the record reflects that the sentencing court initially ordered appellant to reimburse Carmichaels Borough $15,430 for the costs it incurred in having Cypher & Cypher conduct a financial audit, as "legitimate costs of

prosecution." (*See* sentencing order, 9/14/18 at ¶ 14.) Subsequently, in its October 26, 2018 order filed in response to appellant's post-sentence motion, the sentencing court clarified its ruling, characterizing the $15,430 in financial audit costs as "additional reparations" pursuant to Section 9754(c)(8):

> The Court ordered [appellant] to reimburse Carmichaels Borough for its cost incurred as a result of the Cypher and Cypher audit. The Court indicated that this was appropriate as a "cost of prosecution". The Court does believe it appropriate for [appellant] to reimburse Carmichaels Borough for the cost of the audit. However, the "cost of prosecution" may have been more properly characterized as additional "reparations" pursuant to [42 Pa.C.S.A. § 9754(c)(8)] as this was a cost borne by Carmichaels Borough, as a result of [appellant's] actions.

Order, 10/26/18 at ¶ 5 (extraneous capitalization omitted).

Appellant's argument is two-fold. Appellant first contends that under ***Commonwealth v. Veon***, 150 A.3d 435 (Pa. 2016), she was not obligated to reimburse Carmichaels Borough $15,430 for the costs it incurred in having Cypher & Cypher conduct a financial audit. (Appellant's brief at 29-30.) We disagree.

In ***Veon***, our supreme court confronted the question of whether a government agency can be the recipient of an award of criminal restitution. ***Veon***, 150 A.3d at 443. The defendant in that case, former Pennsylvania State Representative Michael Veon, was convicted of misappropriating funds from the Department of Community and Economic Development ("DCED") and ordered to pay $135,615 in restitution to DCED. ***Id.*** at 441. The ***Veon*** court

determined that the statutory definition of "direct victim" under 18 P.S. § 11.103 should be applied when determining whether restitution should be paid to a victim pursuant to 18 Pa.C.S.A. § 1106. *Id.* at 454. The *Veon* court concluded that, with some limited exceptions, only a human being may be considered a victim entitled to recover restitution under Section 1106. *Id.* at 455 (stating, "DCED is neither a 'direct victim' nor a reimbursable compensating government agency under Section 1106." (footnote omitted)). Because Veon's sentence improperly included a Section 1106 restitution component to a governmental agency, the *Veon* court remanded the case for re-sentencing as the ruling disturbed the sentencing scheme. *Id.* at 456.

Appellant is correct that, pursuant to *Veon* and its progeny, a sentence directing her to pay restitution to Carmichaels Borough under Section 1106 would be illegal. *See*, *e.g.*, *Commonwealth v. Berry*, 167 A.3d 100, 110 (Pa.Super. 2017) (applying *Veon* and ruling that the defendant's sentence was illegal insofar as it ordered him to pay restitution to the Commonwealth, where he, a former judge of the Court of Common Pleas of Philadelphia County, had unlawfully used his judicial staff and court resources to further his own pecuniary interests). Likewise, we find that the cost of the Cypher & Cypher audit cannot reasonably be deemed "costs of prosecution," as the court initially indicated. *See Commonwealth v. Rivera*, 95 A.3d 913, 916 (Pa.Super. 2014) (stating that, "[c]osts are a reimbursement to the government for the expenses associated with the criminal prosecution."

(citations omitted)). However, as the sentencing court noted in its October 26, 2018 order, the costs of the Cypher & Cypher audits were "more properly characterized as additional reparations pursuant to [Section 9754(c)(8).]" (*See* order, 10/26/18 at ¶ 5.) We have found no authority that ***Veon*** precludes the sentencing court's imposition of restitution or reparations ordered as a condition of appellant's probation under Section 9754(c)(8).

Appellant further argues that the fact that Carmichaels Borough did not perform annual audits and only hired Cypher & Cypher to conduct a financial audit after her thefts were discovered somehow negates her obligation to reimburse the Borough. (Appellant's brief at 29-30.) This claim is disingenuous. Here, the sentencing court found that the Cypher & Cypher audit was precipitated by appellant's thefts over the course of a four-year period. The court further found that the fact that Carmichaels Borough may not have been diligent in ensuring that annual audits were conducted during appellant's tenure does not alleviate appellant's obligation to take some measure of financial responsibility for the direct consequences of her criminal conduct.

Based on the foregoing, we discern no abuse of discretion on the part of the sentencing court in ordering appellant to pay Carmichaels Borough an additional $15,430 for the costs it incurred in having Cypher & Cypher conduct a financial audit.

Judgment of sentence affirmed.  Application to strike denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2019